WRIGHT ET UX., APPELLANTS, v. WHITTICK, APPELLEE.

1. HOMESTEAD STATUTES, HOW CONSTRUED.
Homestead exemptions are the creatures of legislation; their extent
    and limitations must be ascertained from the legislative act; stat-
    utes creating such exemptions are to be liberally construed so as
    to promote the humane policy of such legislation; but the courts
    cannot, by construction, annex to such statutes consequences not
    fairly within their purview or intent.
2. HOMESTEADS, HOW FAR PROTECTED.
Premises properly set apart by the husband as a homestead for his
    family are protected from seizure under execution, or attachment,
    and, perhaps, from foreclosure under a trust deed, as well as a
    mortgage, where the wife has not joined in the execution of such
    deed as the statute provides; but where the husband is the owner
    in fee of the homestead premises, he may sell and convey the same
    by deed absolute, without his wife joining in such conveyance.

### Appeal from the County Court of Boulder County.

ACTION to recover possession of real estate. Appellee
Whittick was plaintiff below. Wright and wife were defend-
ants. Plaintiff claimed title to the premises by virtue of a
trustee's deed, based upon the foreclosure of a trust deed pur-
porting to have been executed by defendants. Plaintiff fur-
ther claimed title by virtue of a quitclaim deed executed by
Mr. Wright alone.

The defendants claimed that the real estate was their
"homestead," and that the trust deed was not executed in
such manner as to divest the wife's interest in such home-
stead. The facts necessary to an understanding of the case
may be briefly stated.

In April, 1865, Alpheus Wright, one of the defendants,
became the owner in fee of the premises which are located
in the town of Boulder, Colorado; Mr. Wright resided on
said premises with his family as a homestead at the time of
the trial in 1889, and had continuously resided thereon for
many years prior thereto. He had also caused the word

"homestead" to be entered in the margin of his recorded title before any incumbrance was placed upon the premises, and at a time when the law simply required that the word "homestead" should be so entered in order to entitle the same to exemption. Compare section 2 of the original Homestead Act, R. S. (1868), p. 385, with amendment of said section in Session Laws 1881, p. 131.

The trust deed under which plaintiff claims title was executed in July, 1885, by Wright in his own behalf, and also by him as attorney in fact for Mrs. Wright.

The notary's certificate does not state that Mrs. Wright made the acknowledgment separate and apart from her husband, nor does it state that the notary fully apprised her of her rights and the effect of signing the mortgage. But the notary testified to the fact that the acknowledgment was taken separate and apart from the husband, and that from her own language he was satisfied she understood the effect of the instrument she was signing.

The trustee's deed to the plaintiff Whittick, based upon the foreclosure of the trust deed, was executed January 5, 1889; and on April 19, 1889, Mr. Wright executed and delivered to said plaintiff a quitclaim deed of the premises in controversy, duly signed and acknowledged by him alone.

The following provisions of the statute are referred to in the opinion:

"Sec. 1. Every householder in the state of Colorado, being the head of a family, shall be entitled to a homestead not exceeding in value the sum of two thousand dollars, exempt from execution and attachment, arising from any debt, contract or civil obligation entered into or incurred after the first day of February, in the year of our Lord one thousand eight hundred and sixty-eight.

"Sec. 2. To entitle any person to the benefit of this act, he shall cause the word 'homestead' to be entered of record in the margin of his recorded title of the same, *which marginal entry shall be signed by the owner making such entry and attested by the clerk and recorder of the county, in which the*

*premises in question are situated, together with the date and time of day upon which such marginal entry is so made.*" (The italicized words were added by the amendment of 1881.)

"Sec. 6. Nothing in this act shall be construed to prevent the owner and occupier of any homestead from voluntarily mortgaging the same. *Provided*, no such mortgage shall be binding against the wife of any married man, who may be occupying the premises with him, unless she shall freely and voluntarily, separate and apart from her husband, sign and acknowledge the same, and the officer taking such acknowledgment shall fully apprise her of her rights and the effect of signing such mortgage." See Rev. Stats. (1868), chap. 48 ; Gen. Laws (1877), chap. 46 ; Gen. Stats. (1883), chap. 51 ; Mills An. Stats., chap. 62.

Judgment was rendered in favor of the plaintiff Whittick. The defendants bring this appeal.

Mr. ALPHEUS WRIGHT, for appellants.

Mr. R. H. WHITELY, Jr., for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The facts in this case are undisputed. The only assignment of error is to the effect that the judgment is contrary to the law and the evidence.

By the briefs of counsel several very important questions are presented. In behalf of appellants the court is asked to construe the term *mortgage* in section 6 of the Homestead Act to include deeds of trust to secure the payment of debts ; also, to construe said section 6 to mean that, even when the title to the homestead is in the husband, it is necessary for the wife to join with the husband in the execution of a mortgage of such homestead, in the manner required by said section, in order that such mortgage may be effectual to divest the wife's interest in such homestead ; and, further, to hold that the certificate of the wife's acknowledgment of a mortgage of a homestead cannot be supplemented by parol proof.

On the part of appellee the court is asked to hold the converse of the foregoing propositions; and, further, to hold that a homestead exemption right is not a vested right, but that it is always subject to legislative control; and that since Mr. Wright had not, when the trust deed in controversy was executed, complied with the provisions of section 2 of the Homestead Act as amended, that neither he nor his wife was entitled to any exemption rights in the premises in controversy.

Interesting as these questions are, we do not find it necessary to discuss or to determine them in detail. The property in controversy belonged to the husband. He held title to the same in fee long before and up to the time of the execution of the trust deed in controversy; and, if the trust deed was invalid, he held such title up to the time of executing the quitclaim deed to appellee.

The homestead exempting statute provides that a homestead not exceeding a certain value shall be exempt from *execution, attachment,* and *mortgage,* under certain circumstances. Granting that the term *mortgage,* as used in section 6 of the statute, is a generic term and includes trust deeds given to secure debts, still the statute nowhere forbids the owner in fee of a homestead from selling and conveying the same by deed absolute. *Drake v. Root,* 2 Colo. 685.

1. The constitution of this state provides that, " The general assembly shall pass liberal homestead and exemption laws." But it does not designate in any manner what shall constitute a homestead or exempt property of any kind. For these particulars we must look to the acts of the legislature. Homestead and exemption laws are the creatures of legislation. Their extent and limitations must be ascertained from the legislative act. This court has already declared that exemption statutes are to be liberally construed, so as to promote the humane policy of such legislation; but the courts cannot by construction annex to such statutes consequences not fairly within their purview or intent. *Barnett v. Knight,*

7 Colo. 365; *Martin v. Bond,* 14 Colo. 468; *Weil v. Nevitt, ante* p. 10.

2. The homestead exemption act extends certain protection to the premises set apart by the owner as a homestead for his or her family so long as he or she desires to occupy the same as a home for the family. It protects the same against proceedings by execution and attachment; and it may, also, protect the same from foreclosure proceedings based upon a mortgage or trust deed where the title is in the husband, in case the wife has not joined in executing such mortgage or trust deed as the statute provides. But it does not appear that further exemption or protection was intended.

The statute is a shield against misfortune occasioned by debt. It is not a fetter to prevent the owner from freely disposing of all his or her estate, right or interest in the homestead premises, whenever it may suit such owner's convenience, interest, or inclination so to do. Dower and tenancy by the courtesy have no existence in this state. See statute of " Descents and Distributions." It has been the policy of our law to place real property substantially upon the same footing as personalty in respect to the power of alienation by the owner.

Mr. Wright being the sole owner in fee of the premises could, at any time, while he lived, voluntarily sell and convey the same by deed absolute. If the power of attorney executed by Mrs. Wright was invalid or ineffectual to authorize her husband to execute the trust deed under which appellee claims to derive title, then the title remained in Mr. Wright, and the quitclaim deed of the premises which he shortly thereafter duly executed, acknowledged and delivered was effectual to convey the title to appellee.

The judgment of the county court must be affirmed.

*Affirmed.*