**In re James Bennett HELLMAN, a/k/a James B. Hellman, Bankrupt-Appellant.**

**Marlene Joyce HELLMAN, a/k/a Marlene J. Hellman, Bankrupt-Appellant.**

**Nos. 78-B-1864, 78-B-1865.**

United States District Court,
D. Colorado.

July 25, 1979.

Thomas F. Quinn, of Rothgerber, Appel & Powers, Denver, Colo., for bankrupts-appellants.

Carl A. Eklund, Denver, Colo., Trustee in Bankruptcy.

## OPINION AND ORDER

CHILSON, Senior District Judge.

James B. Hellman and Marlene Joyce Hellman, husband and wife, filed separate petitions in bankruptcy, numbered respectively 78–B–1864 and 78–B–1865. Each bankrupt claimed certain exemptions. The trustee allowed some and disallowed others. The bankrupts filed objections to the trustee's disallowances. The Bankruptcy Judge consolidated the two cases for the hearing of the objections of the disallowances and sustained the trustee's disallowance of some of the claims for exemption. The bankrupts appealed from the Bankruptcy Judge's ruling and the appeals are now before this Court for determination.

The exemptions to which the bankrupts are entitled are determined by the law of the State of Colorado. 11 U.S.C.A. § 24 (1966); *Carroll v. Holliman*, 336 F.2d 425 (10th Cir. 1964).

The claims in dispute are:

1. Claims by both bankrupts for a homestead exemption of a joint leasehold interest in certain real property occupied by them as their home. This claim is made pursuant to C.R.S. 1973, § 38–41–201 (as amended 1975);

2. Both bankrupts claimed an exemption of certain personal property declared exempt by C.R.S. 1973, § 13–54–102(1)(c), (e), and (f). The Bankruptcy Judge held:

1. That the Colorado homestead law does not create an exemption for a leasehold interest and that the homestead exemption can only be created in real property owned in fee;

2. As to the personal property exemptions claimed, the exemptions apply only to one person in a family unit and since the exemptions for personal property here involved were allowed to the husband, the wife is not entitled to claim the same exemptions; and,

3. The wife is not entitled to exemptions provided by the statute for single persons.

The parties stipulated the following facts:

1. James B. Hellman and Marlene J. Hellman are, and were at all times relevant to this case, husband and wife, and domiciled together with their three dependent children, at 3830 Garland Street, Lakewood, Colorado.

2. The value of the bankrupts' joint leasehold interest in their home at 3830 Garland Street on the date of filing their Petitions in Bankruptcy was $4,000.00. At that time, all facts necessary to establish an exempt homestead under the Colorado Homestead Law in the bankrupts' home existed, except that the bankrupts' interest in their home was a leasehold interest, rather than a fee interest.

3. Marlene J. Hellman and James B. Hellman are each responsible by law for the necessities of life of the other and are jointly responsible by law for the necessities of life of their three dependent children.

4. During the year immediately preceding the filing of the bankrupts' Petitions in Bankruptcy herein, James B. Hellman provided most, but not all, of the support for Marlene J. Hellman and their children. The balance of the support for the family was provided by Mrs. Hellman, through sale of her assets, and not by employment.

We first determine the question of whether or not a leasehold interest in real property occupied by a husband and wife as their home is subject to the homestead exemption provided in C.R.S. 1973, § 38–41–201 (as amended 1975). This section provides as follows:

"Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation, not exceeding in value the sum of seven thousand five hundred dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon."

In *Dallemand v. Mannon*, 4 Colo.App. 262, 35 P. 679 (1894), the court stated:

"As to the character or extent of [the homestead claimants'] title the statute is entirely silent. It has been repeatedly, and in so far as we know, uniformly held, that an ownership in fee is not essential; that an equitable title, *a lease for a term of years*, or any title which may be the subject of levy and sale, may also be the subject of a homestead claim; . . . ."
Id., 35 P. at 681. (emphasis added)

Although the specific question of a leasehold interest was not before the Court and was not a decision of the highest court in the State of Colorado, nevertheless the same rule appears to be supported by the weight of authority from other jurisdictions. See cases cited in 89 A.L.R. 555 (1934), as supplemented in 74 A.L.R.2d 1378 (1960).

Additionally, C.R.S. 1973, §§ 2–4–401(5) and 38–30–150 define leaseholds to be interests in real property.

The public policy of a homestead exemption is "to secure to the householder a home for himself and family regardless of financial conditions, whether solvent or insolvent." *Woodwad v. People's National Bank*, 2 Colo.App. 369, 31 P. 184 (1892). This policy applies with equal force whether the home is occupied under a lease for a term of years or under a fee ownership.

■ We hold that property occupied and used by husband and wife as their home is entitled to a homestead exemption, whether occupied by the husband and wife under a lease for a term of years or by virtue of ownership of fee simple title.

With respect to the claims for exemption of personal property, C.R.S. 1973, § 13–54–102 provides in pertinent parts:

"The following property is exempt from levy and sale under writ of attachment or writ of execution:

\*     \*     \*     \*     \*     \*

(c) "The library, family pictures, and school books of the head of a family and his dependents to the extent of five hundred dollars in value, and of a single person to the extent of two hundred dollars in value; except this paragraph (c) shall not apply to any such property constituting all or part of the stock in trade of the debtor;

\*     \*     \*     \*     \*     \*

(e) "The household goods owned and used by the head of a family or owned by such head and used by his dependents to the extent of one thousand dollars in value, and owned and used by a single person to the extent of four hundred dollars in value;

(f) "Provisions and fuel on hand for the use or consumption of the head of a family or by the dependents of the head of a family to the extent of three hundred dollars in value, and for the use or consumption of a single person to the extent of one hundred dollars in value;".

The exemptions allowed pursuant to the foregoing sections were allowed by the trustee to the husband in his bankrupt estate, but similar claims for exemption by the wife were denied.

■ With reference to subparagraph (c), we keep in mind that the exemption laws of the state are to be liberally construed. *Sandberg v. Borstadt*, 48 Colo. 96, 109 P. 419 (1910).

Section 1 of Article XVIII of the Colorado Constitution expressly declares that the General Assembly shall pass "liberal homestead and exemption laws."

We again quote the pertinent parts of subsection (c) "The library, family pictures, and school books of the head of a family *and his dependents* to the extent of $500 in value ___." are exempt.

We point out that the assets of the bankrupt estate of the husband can include only the library, family pictures and school books of the husband. The assets of the bankrupt estate of the wife includes the library, family pictures and school books owned by her.

To allow the exemption in the husband's bankrupt estate and deny it to the wife in her bankruptcy estate would be a strict construction of the statute and contrary to the requirement of liberal construction which the Court must give to the exemption laws. We see no reason why the husband as head of the family should be allowed this exemption in computing the assets of his bankrupt estate while at the same time his dependent wife is denied the same exemption in computing the assets of her bankrupt estate.

To reason otherwise would be irrational as illustrated by the following example. Let us assume that only the wife had filed for and been adjudicated bankrupt. To hold that the subsection (c) exemption may be claimed only by the head of the family (the husband) the benefits of subsection (c) would be denied the wife to the ultimate detriment of the family which the statute is designed to protect.

■ We hold therefore that both the husband and the wife are entitled to the exemption provided in subsection (c).

■ As to the exemption provided in subsection (e), the exemption applies to "the household goods *owned* and used by the head of a family or owned by such head and used by his dependents ___." Section 13–54–101(4) defines the "head of a family" as "any person who supports or who by law is responsible for the necessities of life of one or more dependents ___." It has been stip-

ulated that both a husband and a wife are by law responsible for the necessity of life of one or more dependents. Again referring to the mandate of the Colorado Supreme Court and the Colorado Constitution requiring liberal construction, we conclude that as to the household goods owned by the husband, he is entitled in determining the assets of his bankrupt estate available to satisfy claims of creditors to the exemption provided in subsection (e). We also hold that the household goods owned by the wife and used by her and her dependents are includable in the assets of her bankrupt estate, but that she is entitled in computing the assets of her bankrupt estate available to satisfy her creditors to the exemption provided in subsection (e).

■ We further hold that the wife is not a "single person" within the meaning of the exemption statute and that she is not entitled to any claims for exemption as a "single person."

■ In subsection (f) of the statute, there is no reference to the "ownership" of provisions and fuel on hand, but merely states that the provisions and fuel on hand for the use or consumption of the head of a family or by the dependents are exempt to the extent of one hundred dollars of value. We hold that subsection (f) permits but one claim for exemption and the trustee having allowed that claim in the computation of the assets available for the creditors of the husband that the wife's claim for a similar exemption should be disallowed.

ORDER

IT IS THEREFORE ORDERED:

1. That the homestead claims for exemption of the jointly owned leasehold interest in the property occupied by them as their home at 3830 Garland Street, is hereby allowed to the extent of $2,000 for the husband and $2,000 for the wife;

2. That the wife is entitled to an exemption pursuant to C.R.S. 1973, § 13–54–102(1)(c) to an exemption for the library, family pictures and school books owned by her to the extent of $500 in value;

3. That the wife is entitled to an exemption for household goods owned by her and used for the benefit of the family to the extent of $1,000 in value;

4. That the wife is entitled to no exemption provided in the statutes for a single person; and,

5. The wife is entitled to no exemption for provisions and fuel on hand.

IT IS FURTHER ORDERED that this matter be and the same is hereby remanded to the Bankruptcy Court for further proceedings in accordance with this Opinion and Order.