### In re Rolando ALVAREZ, Margot Alvarez, Debtors.

### Bankruptcy No. 81 B 03619 C.

United States Bankruptcy Court, D. Colorado.

Nov. 2, 1981.

John C. Eastlack, trustee.

Frederick W. Newall, Colorado Springs, Colo., for debtors.

JOHN F. McGRATH, Bankruptcy Judge.

The question presented to this Court for determination is whether or not both Debtors in a joint Petition in bankruptcy can claim an exemption for household goods, pursuant to *Colo.Rev.Stat.* §§ 13–54–101 and 13–54–102 (1973), as amended by Senate Bill No. 369 (1981, effective as of July 1, 1981).

On July 23, 1981, Rolando Alvarez and Margot Alvarez filed a joint Petition in bankruptcy. The petitioners herein are husband and wife, reside together, and are both employed. On August 31, 1981, the Interim Trustee, John C. Eastlack, filed an Objection to Exemptions Claimed by Debtor. This objection was based on the fact that the Debtors claimed an exemption of $3,000.00 in their Petition under Schedule B–4. The Trustee claims that the allowable exemption is only $1,500.00. A hearing was held in this Court on September 21, 1981. At that time, the above-recited question was taken under advisement. However, the Court did find and conclude that 11 U.S.C. § 302 is procedural only and that even though section 302 allows a debtor and spouse to file a joint petition, there are, in fact, two separate debtors in a joint petition. The Court further found that a debtor is defined in 11 U.S.C. § 109 and that in this case both individuals are debtors.

Rolando and Margot Alvarez each claimed a household exemption under *Colo. Rev.Stat.* §§ 13–54–101 and 13–54–102 (1973), as amended by Senate Bill No. 369 (1981). Section 13–54–101(1) states that a "debtor" is "a person whose property or earnings are subject to attachment, execution, or garnishment." Section 13–54–

102(1) states that "(1) The following property is exempt from levy and sale under writ of attachment or writ of execution: ... (e) The household goods owned and used by the debtor and used by his dependents to the extent of fifteen hundred dollars in value..."

This selection of exempt property is governed by 11 U.S.C. § 522. Under section 522(b) of the Code, the debtor is permitted to choose between the federal exemption enumerated in section 522(d) and those provided by state law, unless the State has prohibited the debtor from making this choice. Colorado has "opted out" and denied to its debtors the right to choose between state and federal law, and has said that debtors in bankruptcy are confined to Colorado exemptions.

In order to answer the question regarding the number of household exemptions to which the Debtors herein are entitled, the meaning of Senate Bill No. 369 must be determined. As nearly as this Court can determine, this is a question of first impression before the United States Bankruptcy Court for the District of Colorado, and further, the statute has not yet been interpreted by a State court. Had the Colorado courts ruled on the statutory meaning, this Court would have been bound to follow that meaning unless it conflicted with either federal law or the United States Constitution. But in a situation where a state court has not construed a state statute, liberal exemptions are to be given to the debtor. *Burns v. Kinzer*, 161 F.2d 806 (6th Cir. 1947).

Section 1 of Article XVIII of the Colorado Constitution expressly declares that the General Assembly shall pass "liberal homestead and exemption laws." *Sandberg v. Borstadt*, 48 Colo. 96, 109 P.2d 419 (1910), states that the State's exemption laws are to be liberally construed. Despite these directives, the first step in statutory construction is to look at the words of the statute.

It cannot be said that the words of the statute are totally unambiguous. However, the words of the statute do seem to intend to grant to each debtor ("a *person* whose property or earnings are subject to attachment, execution, or garnishments" and "household goods owned and used by *the debtor*" [Emphasis supplied.]) a fifteen hundred dollar exemption.

Further guidance as to the meaning of a statute can be obtained from the legislative history. In the case of Senate Bill No. 369, neither the Senate Judiciary Committee meeting, the House Judiciary Committee meeting, the Senate debate in chambers, nor the House debate in chambers yielded information as to whether or not one or two exemptions were intended in a situation like that in the instant case. Although it appears that the general intent of both the Senate and the House was to tighten up the federal exemptions, it was positively stated in both the Senate Judiciary Committee and the House Judiciary Committee that the purpose of the proposed legislation was to return to the State exemptions as they were before the passage of the new Bankruptcy Code.

The most recent relevant State legislation prior to the enactment of the Code was *Colo.Rev.Stat.* §§ 13–54–101 and 13–54–102 (1973). This statute did not use the word "debtor" in defining who is eligible for exemptions, as does the amended statute. Instead, in former section 13–54–101(4) the phrase "head of the family" was used. Head of the family was defined as "any person who supports or who by law is responsible for the necessities of life of one or more dependents..." Former section 13–54–102(1) provided that "(1) the following property is exempt from levy and sale under writ of attachment or writ of execution: ... (e) the household goods owned and used by the head of the family or owned by such head and used by his dependents to the extent of one thousand dollars in value..." No insight is found in the legislative history regarding the reason for this change in language.

■ The previous statute, *Colo.Rev.Stat.* § 13–54–102(1)(e) (1973), to the knowledge of this Court, has not been interpreted by a Colorado Court either. However, this sec-

tion was interpreted by Senior District Judge Chilson for the United States District Court for the District of Colorado in *In re Hellman,* 474 F.Supp. 348 (D.Colo.1979). The issue in *Hellman* was the same as that in the instant case. Regarding the household exemption, the court said:

As to the exemption provided in subsection (e), the exemption applies to "the household goods owned and used by the head of a family or owned by such head and used by his dependents..." Section 13–54–101(4) defines the "head of a family" as "any person who supports or who by law is responsible for the necessities of life of one or more dependents..." It has been stipulated that both a husband and a wife are by law responsible for the necessity of life of one or more dependents. Again referring to the mandate of the Colorado Supreme Court and the Colorado Constitution requiring liberal construction, we conclude that as to the household goods owned by the husband, he is entitled in determining the assets of his bankrupt estate available to satisfy claims of creditors to the exemption provided in subsection (e). We also hold that the household goods owned by the wife and used by her and her dependents are includable in the assets of her bankrupt estate, but that she is entitled in computing the assets of her bankrupt estate available to satisfy her creditors to the exemption provided in subsection (e).

*Hellman,* at 351. Because the legislative history of *Colo.Rev.Stat.* § 13–54–102(1)(e) as amended by Senate Bill No. 369 (1981), states that the purpose of the legislation is to return to the State exemptions as they were before the passage of the new Bankruptcy Code, this Court holds that a $1,500.00 household exemption is allowed to both Rolando and Margot Alvarez, for a total exemption in household goods of $3,000.00.

This holding is also mandated by 11 U.S.C. § 522(m) of the Code. *In re Cheeseman,* 656 F.2d 60, 7 B.C.D. 1385 (4th Cir. 1981). Section 522(m) states that section 522 "shall apply separately with respect to

each debtor in a joint case." A state cannot make or enforce any law governing bankruptcies which conflicts with the national bankruptcy laws. *International Shoe Co. v. Pinkus,* 278 U.S. 261, 264, 49 S.Ct. 108, 110, 73 L.Ed. 318 (1929). This is so because the United States Constitution, Article I, Section 8, paragraph (4), gives Congress the unrestricted and paramount power to establish uniform laws on the subject of bankruptcies throughout the United States. *Pinkus,* 49 S.Ct. at 110.

WHEREFORE, IT IS ORDERED that the Objection to Exemptions Claimed by Debtor is overruled, and it is

FURTHER ORDERED that the Debtors be allowed two household goods exemptions, for a total of $3,000.00.