**In re Kenneth Dean FERGUSON and Catherine Elizabeth Ferguson, Debtors.**

**Bankruptcy No. 81 B 03750 K.**

United States Bankruptcy Court, D. Colorado.

Nov. 10, 1981.

---

John C. Eastlack, Colorado Springs, Colo., trustee.

Frederick W. Newall, Colorado Springs, Colo., for debtors.

## ORDER UPON TRUSTEE'S OBJECTION TO EXEMPTIONS

GLEN E. KELLER, Jr., Bankruptcy Judge.

This case comes before the Court on the Interim Trustee's objection to the Debtors' claims of exemptions in both household goods and tools of trade. The Debtors filed a joint petition under Chapter 7 of Title 11 of the United States Code on July 31, 1981. Both petitioners are residents of the state of Colorado. Testimony at the hearing on the Trustee's objection reveals that only one petitioner is a wage earner. The Trustee objects to each spouse claiming exemptions of $1,500.00 apiece for household goods and $1,500.00 apiece for tools of trade under §§ 13–54–102(e) and (i), 1973 C.R.S., respectively.

Under the authority granted to it by Congress in § 522(b) of the Code [1] [11 U.S.C. § 522(b)], Colorado has "opted out" of the federal exemption scheme enumerated in § 522(d), thereby precluding Colorado residents from availing themselves of the federal exemptions. Colorado has exacted its own set of exemptions in place of § 522(d), which appear in §§ 13–54–101, *et seq.*, C.R.S.1973, as amended. The amendments adopted in Senate Bill 369 became effective on July 1, 1981.

The main issue raised by the Trustee's objection involves an interpretation of the following sections:

> *Property Exempt.* (1) The following property is exempt from levy and sale under writ of attachment or writ of execution:
>
> \* \* \* \* \* \*
>
> (e) The household goods owned and used by the debtor and used by his dependents to the extent of fifteen hundred dollars in value;
>
> \* \* \* \* \* \*

---

1. The States may, by passing a law, determine whether the Federal exemptions will apply as an alternative to State exemptions in bankruptcy cases. Cong.Rec. (Sept. 28, 1978) p. H. 11095.

. (i) The stock in trade, supplies, fixtures, maps, machines, tools, equipment, books, and business materials of any debtor used and kept for the purpose of carrying on any gainful occupation in the aggregate value of fifteen hundred dollars;

Section 13–54–102, C.R.S.1973, as amended.

*Definitions.* As used in this article, unless the context otherwise requires:

(1) "Debtor" means a person whose property or earnings are subject to attachment, execution, or garnishment.

. (2) "Dependent" means a person who receives more than one-half of his support from the debtor.

Section 13–54–101, C.R.S.1973, as amended.

The Trustee argues that subsections 102(e), and (i) must be interpreted to permit only $1,500.00 exempt household goods and $1,500.00 to be claimed per family unit. This argument, however, must fail. It disregards both § 522(m) of the Bankruptcy Code and the Colorado Constitution.

■ Section 522(m) states that § 522 applies separately with respect to each debtor in a joint case. Thus each Colorado debtor whose property is subject to attachment or execution is entitled to claim his or her own exemptions in the statutory amount. *In re Ageton,* 5 B.R. 323, 6 B.C.D. 706 (Bkrtcy.D. Ariz.1980); *In re Cheesman,* 656 F.2d 60, 7 B.C.D. 1385 (4th Cir. 1981).

■ The Colorado Constitution must also be considered in any interpretation of state exemption laws. It decrees that: "The general assembly shall pass liberal homestead and exemption laws." Colo.Const. art. XVIII, § 1. *See In re Hellman,* 474 F.Supp. 348 (Colo.1979), which mandates liberal construction. Accordingly, the Court concludes that each Colorado debtor in a joint case is entitled to claim up to $1,500.00 apiece in household goods or tools of trade.

■ It is basic to any right to an exemption, however, that the debtor have an ownership interest in the property before any exemption may be claimed. *See In re Cunningham,* 5 B.R. 709, 6 B.C.D. 863 (Mass. 1980), in which the court found that a husband's interest as a dependent of his wife was not sufficient to claim an exemption in a homestead owned solely by the wife. A leasehold interest is sufficient under Colorado law to claim a homestead exemption. *In re Hellman, supra.* What, then, is the property interest here sought to be exempted by each Debtor?

■ Colorado case law indulges a presumption that the husband is the owner of the household goods when both spouses are living together, *absent any evidence to the contrary.* *Allen v. Eldridge,* 1 Colo. 287 (1871); *Palmer v. Hanna,* 6 Colo. 55 (1881); *Rachofsky v. Benson,* 19 Colo.App. 173, 74 P. 655 (1903); *Smith v. Greenburg,* 121 Colo. 417, 218 P.2d 514 (1950); *In re Estate of Blanpied,* 155 Colo. 133, 393 P.2d 355 (1964).

■ The Court finds from the evidence that the following items of household goods scheduled by the Debtors are property of Catherine E. Ferguson and thus properly exempted by her: Assorted linens and towels, movie camera, sewing machine, vacuum cleaner, china, dining room table and hutch, recorder, outdoor grill, guitars, bicycles, and black-and-white television. These items have an assigned value of $1,015.00. The balance of the household goods have a value of $1,580.00. Kenneth Ferguson is entitled to claim an exemption with respect to $1,500.00 of that amount.

The evidence does not reveal that the parties own any tools of their respective trades which are subject to exemption. The Trustee's objection to this claim must be sustained. Now, therefore, it is

ORDERED that the Trustee's objection to claimed exemption in tools of trade is sustained and in household goods is sustained to the extent of $80.00 in value.