**In re Jesse Wilmont JANESOFSKY, Lois Laura Janesofsky, Debtors.**

**Bankruptcy No. 82 B 01901 M.**

United States Bankruptcy Court, D. Colorado.

Sept. 15, 1982.

Paul S. Salas, Fort Collins, Colo., trustee.

Larry A. Littlefield, Greeley, Colo., for debtors.

MEMORANDUM OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON TRUSTEE'S OBJECTION TO EXEMPTIONS

JOHN F. McGRATH, Bankruptcy Judge.

This matter is before the Court upon the Trustee's Objection to Exemptions. The

question which must be decided is whether or not each Debtor in a joint petition in bankruptcy may claim an exemption for a mobile home which is used as a residence by each of them, pursuant to *Colo. Rev. Stat.* § 13–54–102(1)(*o*)(II) (1973), as amended.

On May 3, 1982, Jesse Wilmont Janesofsky and Lois Laura Janesofsky filed a Chapter 7 joint petition in bankruptcy. The petitioners are husband and wife and reside together in the mobile home which is held in joint ownership. Only the husband is employed outside of the home. On July 6, 1982, the trustee, Paul S. Salas, filed an objection to the exemptions claimed by the Debtors. This objection was based on the fact that in their Schedule B–4 the Debtors each claimed a $6,000.00 exemption for their mobile home. The Debtors, in their Schedule B–3, listed the value of the mobile home as $11,000.00, but a later stipulation between the parties indicates that the value of the mobile home is something less than $7,300.00.

The Trustee contends that the Debtors are entitled to only one exemption in the amount of $6,000.00 and that the remaining equity of $1,300.00 should be available for distribution to the unsecured creditors. The Debtors contend that pursuant to the Colorado statute, each individual is entitled to a $6,000.00 exemption for a mobile home used as a residence, for a potential total of $12,000.00.

Although it is not in dispute in this case, the Court will note for purposes of clarity that each of the petitioners qualifies as a debtor under both federal and state statutes. *Colo. Rev. Stat.* § 13–54–101 (1973), as amended, describes a debtor as "a person whose *property* or earnings are subject to attachment, execution, or garnishment."

Also, for purposes of clarity, the Court adds that joint cases in bankruptcy are controlled by 11 U.S.C. § 302. This Court has ruled that section 302 is procedural only and that even though section 302 allows a debtor and spouse to file a joint petition, there are, in fact, two separate debtors in a joint petition. *In re Alvarez*, 14 B.R. 940 (Bkrtcy. 1981).

In bankruptcy the selection of exempt property is governed by 11 U.S.C. § 522. Pursuant to section 522(b) of the Code, the Debtor is permitted to choose between the federal exemptions enumerated in section 522(d) and those provided by state law, unless the state has prohibited its debtors from making this choice. Colorado has "opted out" and denied to its residents the right to choose the exemptions in section 522(d), thus confining its debtors to those exemptions enumerated in the Colorado statutes. *Colo. Rev. Stat.* § 13–54–107 (1973), as amended. Section 522(m) states that section 522 applies separately with respect to each debtor in a joint case in bankruptcy. Thus each Colorado debtor whose property is subject to attachment, execution, or garnishment is entitled to claim his or her own exemptions in the statutory amount. *In re Ferguson*, 15 B.R. 439 (Bkrtcy. D. Colo. 1981); *In re Cheeseman*, 656 F.2d 60, 7 B.C.D. 1385 (4th Cir. 1981).

The Colorado statute under which the Debtors make their claim, and that which the Court must interpret, is *Colo. Rev. Stat.* § 13–54–102(1)(*o*)(II) (1973), as amended. The statute reads:

> 13–54–102. *Property exempt.* The following property is exempt from levy and sale under writ of attachment or writ of execution ... (*o*)(II) One mobile home to the extent of six thousand dollars while used and occupied as a place of residence by the owner(.)

The Colorado Constitution must be considered in any interpretation of state exemption laws. Section I of Article XVIII of the Colorado Constitution expressly decrees that the General Assembly shall pass "liberal homestead and exemption laws." *Sandberg v. Borstadt*, 48 Colo. 96, 109 P. 419 (1910), states that the state's exemption laws are to be liberally construed. Despite these directives, the first step in statutory construction is to look at the words of the statute.

This statutory language, on its face, gives the mobile home exemption to the "owner" if the mobile home is used as a place of residence. As recited earlier, the petition-

ers are joint owners of the mobile home and it is their place of residence.

The question before the Court is one of first impression. The statute being examined was amended in 1981 by Senate Bill No. 369 to allow a greater exemption for a mobile home. The legislative history of Senate Bill No. 369, however, yields no indication as to whether one or two exemptions was intended for a mobile home. Although it appears that the general intent in both the House and Senate was to tighten up the federal exemptions, it was positively stated in both the Senate Judiciary Committee and the House Judiciary Committee that the proposed legislation was to return to the state exemptions as they were before the passage of the new Bankruptcy Code. *Alvarez, supra,* at 941.

*In re Hellman,* 474 F.Supp. 348 (D. Colo. 1979), is the only case in which a court of record interpreted *Colo. Rev. Stat.* § 13–54–102 before the enactment of the Bankruptcy Code. The Court in the instant case relied on *Hellman* to give an exemption in household goods to both the husband and the wife in *Alvarez, supra. Hellman* was concerned with, among other things, how many exemptions could be claimed by a husband and wife in bankruptcy for library, family pictures and school books; household goods; and provisions and fuel on hand. The court in *Hellman* allowed two exemptions for the library, family pictures, and school books and for the household goods, but allowed only one exemption for the fuel on hand. The court in reaching this decision put great stress on the fact of ownership and in each instance where there was ownership on the part of the wife, she was allowed an exemption in addition to that of her spouse. With fuel on hand, no ownership was shown and only one exemption was allowed. In the areas where two exemptions were allowed, the court stated that "to allow the exemption in the husband's bankruptcy estate and to deny it to the wife in her bankruptcy estate would be a strict construction of the statute and contrary to the requirement of liberal construction which the court must give to the exemption laws." The Court further stated that it would be irrational to allow the exemption to the husband as head of the family and to disallow it to the wife as illustrated by the example that if only the wife had filed for and been adjudicated bankrupt, she would not qualify for the exemption. *Hellman* at 351. Although the Court was dealing with the concept of "head of the family" which has since been deleted from the Colorado statute, this Court believes that the same rationale applies and to deny an exemption in the mobile home to the wife where she can show ownership would work to the ultimate detriment of the family which the statute is designed to protect. *Hellman* at 351.

■ Based upon the foregoing discussion this Court holds that under *Colo. Rev. Stat.* § 13–54–102(1)(*o*)(II) each debtor in a joint case in bankruptcy is entitled to an exemption for a mobile home used as a place of residence and of which each Debtor is an owner. This is in accord with the mandate of section 522(m) of the Bankruptcy Code.

WHEREFORE, IT IS ORDERED that the Objection to Exemptions is overruled, and it is

FURTHER ORDERED that the Debtors be allowed mobile home exemptions as set forth at the exemption schedules.