In re Bruce B. ROBINSON a/k/a Bruce Robinson d/b/a S & S Enterprises, d/b/a the Bookkeepers, Debtor.

Bruce B. ROBINSON a/k/a Bruce Robinson d/b/a S & S Enterprises, d/b/a the Bookkeepers, Debtor/Appellant,

v.

Michael T. DE PINTO, Trustee/Appellee.

Civ. A. No. 84–JM–1962.
Bankruptcy No. 84 B 2136 J.

United States District Court,
D. Colorado.

Nov. 28, 1984.

Stephen G. Smith, Denver, Colo., for debtor/appellant.

Michael T. DePinto, Denver, Colo., for trustee/appellee.

## MEMORANDUM OPINION

JOHN P. MOORE, District Judge.

This matter is before me pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure and § 158(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984. I have considered the issues presented, and have determined oral argument would be of no further benefit in this case.

There are two issues presented by this appeal. The first is whether a Colorado bankruptcy debtor is entitled to claim a Colorado homestead exemption of $20,-000.00 when he has only an undivided one-half interest in the underlying property and his joint tenant is not a bankruptcy debtor. The second issue is whether an interpretation of the homestead exemption which denies the debtor a full $20,000.00 exemption violates the Supremacy clause of the United States Constitution. In my opinion both questions must be answered in the negative, and accordingly, the judgment of the Bankruptcy Court must be affirmed.

The debtor in this case owns a Colorado residence in joint tenancy with his spouse. He claims that property has an appraised value of $92,000.00 against which there are secured claims which result in a net equity of $35,963.00. He then asserts his interest in that equity is one half, or $17,981.50.

When he attempted to preserve the entire amount of that equity for himself by claiming the Colorado statutory homestead of $20,000.00 the trustee objected. Bankruptcy Judge Brumbaugh sustained that objection, and held, in effect, only $10,000.00 of the debtor's equity was subject to the homestead exemption, and the balance was property of the estate. The debtor has appealed that determination.

The debtor's argument is premised upon 11 U.S.C. § 522(m) which states that exemptions available in bankruptcy "apply separately with respect to each debtor in a joint case." The reliance is misplaced for two reasons.

First, a plain reading of the statute makes it inapposite to this case. As the trustee points out, by its own terms § 522(m) applies to "joint" cases, and this is not a joint case.

Second, and more importantly, the argument fails to take into consideration the true nature of the homestead exemption available to Colorado debtors. This failure is fatal to debtor's position.

To understand the issue, one must first consider 11 U.S.C. § 522(b)(2)(A), which permits a debtor to exempt from property of the estate any property exempt under state law.[1] The allowance of state-created exemptions in a bankruptcy case is foundational to any contentions made by the debtor in this case, for the debtor's exemption rights are delineated by state and not federal law. This immediately makes clear that the nature and limitations of the exemption rights are not governed by the Bankruptcy Code. [Contrast 11 U.S.C. § 522(d)]. Hence, for example, the "homestead" exemption created by § 522(d)(1) has absolutely no relation to, or comparability with, the "homestead exemption" created by Colo.Rev.Stat. § 38–41–201.

Thus, looking to the Colorado law to find a definition of the homestead exemption, we can determine the homestead has always been regarded as an exemption which

---

1. I recognize Colorado debtors have no choice since the adoption of Colo.Rev.Stat. § 13–54– 107, but I believe a pedantic approach makes the analysis more understandable.

attached to the realty and not to a debtor personally. That fact is initially evidence from the statute itself, which states "Every homestead ... occupied as a home ... shall be exempt from execution and attachment...." Colo.Rev.Stat. § 38–41–201. It cannot be convincingly argued that this language creates a *personal* right, for how can a personal right be "occupied as a home"? The posit of the question suffices as its answer.

Moreover, Colorado courts have always regarded the homestead as a property right, the purpose of which is to preserve a right of occupancy, *In re Wallace's Estate*, 125 Colo. 584, 246 P.2d 894 (1952), and to preserve family habitation, *Weare v. Johnson*, 20 Colo. 363, 38 P. 374 (1894). Indeed, in *Wright v. Whittick*, 18 Colo. 54, 31 P. 490, 491 (1892), the Colorado Supreme Court stated:

> The homestead exemption act extends certain protection *to the premises* set apart by the owner as a homestead.... It protects [the premises] against proceedings by execution and attachment.... (emphasis added).

The debtor would have me ignore the statutory and historical basis of the Colorado homestead exemption and treat it as an individual exemption arising out of the Bankruptcy Code like Athena from the head of Zeus. He postulates that since 11 U.S.C. § 522(m) requires the § 522 exemptions to be applied "separately with respect to each debtor," perforce he is entitled to claim the value of the homestead as an exemption upon his interest in the jointly held property. That approach simply ignores the basic nature of the homestead and its attachment to the realty instead of to the property owner. The authorities relied upon by debtor in support of his argument are not apposite to the extent they deal with exemption rights which are not affixed to the property.[2]

A case in point is *In re Ferguson*, 15 B.R. 439 (Bankr.D.Colo.1981). That case deals with a *personal* exemption circumscribed by, and limited to, the value of certain personalty. *See* Colo.Rev.Stat. § 13–54–102(1)(e). Clearly this exemption is not comparable to a homestead because it is not intended to protect a right of habitation. Hence, the exemption is personal to each debtor owning property of the nature subject to the exemption. More importantly, then, each bankruptcy debtor may claim the exemption under § 522(m).

I am convinced whether Colorado realty is jointly or singly owned, there is only one homestead, and it attaches to the realty in such a way its protection cannot be claimed by one joint owner to the exclusion of the remainder. Such a conclusion would be clearly contrary to Colorado law.

■ Debtor argues any construction of the Colorado homestead which prevents him from claiming a full $20,000.00 exemption violates § 522(m) and thus violates Article VI, Clause 2 of the United States Constitution. This argument was made only in a parenthetical context in the Bankruptcy Court, hence it is questionable whether it has been preserved for appeal. Even if it were, it is unpersuasive.

First, the argument overlooks Congress has given each state the right to "opt out" of the bankruptcy exemption scheme found in the Code. 11 U.S.C. § 522(b)(1). Colorado has done so. Colo.Rev.Stat. § 13–54–107, as amended.

Second, when the Colorado General Assembly exercised its prerogative and effectively made its homestead exemption applicable to bankruptcy proceedings in the District of Colorado, the Colorado legislature was acting in accord with, not contrary to, Federal law. Thus, the second step of the

---

**2.** There is simply no precedential value in cases arising in jurisdictions in which a homestead is not attached to the land or in cases dealing with other purely personal exemptions. The dissimilarity of the Colorado homestead exemption makes cases from other jurisdictions inapposite.

To the extent debtor relies on *In re Janesofsky*, 22 B.R. 973 (Bankr.D.Colo.1982), I simply note that case deals with a different statutory exemption. Whether *Janesofsky* was correctly decided, I do not consider.

*Perez* test[3] cannot be met here, because the federal law, and the interpretation required by Colorado law, are not in conflict. See *In re Parrish*, 19 B.R. 331 (Bankr.D. Colo.1982). Accordingly, the Supremacy clause mandates neither an interpretation of the Colorado exemption beyond its own terms, nor a vitiation of the Colorado homestead statute. It is therefore,

ORDERED the judgment of the Bankruptcy Court is affirmed.

3. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).