PER CURIAM
The debtor Edsel L. Pruitt filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Act of 1978 (the “Code”). At the time of the filing, the debtor and his nondebtor spouse owned as joint tenants with right of survivorship the real property known as 107 Ponderosa, Broomfield, Colorado (the “property”).
Kay Wilson, the United States Trustee, moved the bankruptcy court pursuant to 11 U.S.C. § 363(h) for permission to sell the property. The bankruptcy court issued an order granting the trustee’s motion to sell the property. The bankruptcy court ordered the proceeds of the sale to be applied as follows:
a) $8,000 to the mortgage,
b) $20,000 for the homestead exemption to the debtor and his wife as joint tenants,
c) $3,000 for the real estate commission plus miscellaneous expenses of sale, and
d) one-half of the remainder to the debt- or’s wife and the other one-half to the trustee for the benefit of the debtor’s creditors.
The bankruptcy court’s decision was affirmed in an unpublished opinion of the district court. Relying on In re Wallace’s Estate, 125 Colo. 584, 246 P.2d 894 (1952), Weave v. Johnson, 20 Colo. 363, 38 P. 374 (1894), and Wright v. Whittick, 18 Colo. 54, 31 P. 490, 491 (1892), the district court held that Colorado courts have regarded the homestead exemption as a property right whose purposes were to preserve a right of occupancy and to preserve family habitation. The district court concluded that whether Colorado realty is jointly or singly owned, there is only one homestead, and it attaches to the realty in such a way that its protection cannot be claimed by one joint owner to the exclusion of the remainder. The debtor appealed.
On appeal, the debtor contends that the bankruptcy court and the district court erred in not employing a liberal construction of the Colorado homestead exemption. The debtor cites, in support of his proposition that the value of the homestead exemption should be deducted from the value of the debtor’s interest, Art. XVIII, § 1 of the Colorado Constitution which states that “[t]he general assembly shall pass liberal homestead and exemption laws.” Moreover, the debtor argues that the purposes explicated by the Colorado Supreme Court and adopted by the district court in this case would be furthered by deducting the value of the homestead exemption from the value of the debtor’s interest.
For the reasons stated in the district court’s opinion attached as an Appendix hereto, we AFFIRM.
APPENDIX
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 83-JM-212
Bankruptcy No. 82 B 03829 C
In re:
EDSEL L. PRUITT, Individually and as an Officer and Shareholder of Westminster Mountain States Welding & Sheet Metal, Inc., a Colorado corporation d/b/a Mountain States Welding and Sheet Metal, Debt- or.
MEMORANDUM OPINION AND ORDER
This is a bankruptcy appeal which is before me pursuant to 28 U.S.C. § 1334 and *1004 Rule 801(a), F.R.B.P. The appellant-debtor seeks reversal of an order of the Bankruptcy Court granting the appellee-trustee’s motion to list for sale real property owned jointly by the debtor and his spouse. The debtor contends the order should be reversed for two reasons: First, because of the holding in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Bankruptcy Court was without jurisdiction to enter the order; and, second, that the Bankruptcy Court improperly dealt with the debtor’s homestead exemption.
As for debtor’s first argument, a number of reasons come to mind as to why it is unpersuasive: The most cogent, however, is that Marathon focused only upon that portion of the Bankruptcy Code which attempted to vest the Bankruptcy Court with the powers of an Article III Court. The case made absolutely no impact upon the jurisdiction of the Bankruptcy Court to deal with property of the bankruptcy estate, nor did it invalidate the Code as a whole. Without the existence of either of those conditions, debtor’s argument collapses from lack of support, for the order appealed from is one essentially dealing with property.
The second argument made by the Debt- or is that he is entitled to the benefit of the entire $20,000 state homestead exemption, and the failure to grant him that benefit constitutes error on the part of the Bankruptcy Court. The issue rises simply because the Debtor’s spouse, who is a joint tenant, is not a bankruptcy debtor.
The Debtor’s argument is premised upon an unstated assumption that the Colorado homestead exemption is personal in nature; hence, he contends, in the case in which only one of two Colorado joint tenants is a debtor in bankruptcy, both state and bankruptcy law coincide to allow the bankruptcy debtor to exclude $20,000 from the value of his joint interest in the equity. This basic assumption is faulty, thus, the argument must fail.
To understand the issue, one must first consider 11 U.S.C. § 522(b)(2)(A), which permits a debtor to exempt from property of the estate any property exempt under state law.[1] The allowance of state-created exemptions in a bankruptcy case is foundational to any contentions made by the debt- or in this case, for the debtor’s exemption rights are delineated by state and not federal law. This immediately makes clear that the nature and limitations of the exemption rights are not governed by the Bankruptcy Code. [Contrast 11 U.S.C. § 522(d).] Thus, for example, the “homestead” exemption created by § 522(d)(1) has absolutely no relation to or comparability with the “homestead exemption” created by 1973 C.R.S. § 38-41-201.
Thus, looking to the Colorado law to find a definition of the homestead exemption, we find it has always been regarded as an exemption which attached to the realty itself and not to a debtor personally. That fact is initially evident from the statute itself, which states “Every homestead ... occupied as a home ... shall be exempt from execution and attachment____” 1973 C.R.S. § 38-41-201. It cannot be convincingly argued that this language creates a personal right, for how can a personal right be “occupied as a home”? The posit of the question suffices as its answer.
Moreover, Colorado courts have always regarded the homestead as a property right, the purpose of which is to preserve a right of occupancy, In re Wallace’s Estate, 125 Colo. 584, 246 P.2d 894 (1952), and to preserve family habitation, Weare v. Johnson, 20 Colo. 363, 38 P. 374 (1894). Indeed, in Wright v. Whittick, 18 Colo. 54, 31 P. 490, 491 (1892), the Colorado Supreme Court stated:
The homestead exemption act extends certain protection to the premises set apart by the owner as a homestead____ It protects [the premises] against pro *1005 ceedings by execution and attachment____ (emphasis added)[2]
The Debtor would have me ignore the statutory and historical basis of the homestead and treat it as an individual exemption arising out of the Bankruptcy Code like Athena from the head of Zeus. He postulates that since 11 U.S.C. § 522(m) requires the § 522 exemptions to be applied “separately with respect to each debtor,” perforce he is entitled to claim the value of the homestead as an exemption upon his interest in the jointly held property. That approach simply ignores the basic nature of the homestead and its attachment to the realty instead of to the property owner. Hence the authorities relied upon by Debt- or in support of his argument are not apposite to the extent they deal with exemption rights which are not affixed to the property.[3]
A case in point is In re Ferguson, 15 B.R. 439 (Bky.Colo, 1981). That case deals with a personal exemption circumscribed by and limited to the value of certain personalty. See 1973 C.R.S. § 13-54-102(l)(e) Clearly this exemption is not comparable to a homestead because it is not intended to protect a right of habitation. Hence, the exemption is personal to each debtor owning property of the nature subject to the exemption. More importantly,- then, each bankruptcy debtor may claim the exemption under § 522(m).
I am convinced whether Colorado realty is jointly or singly owned, there is only one homestead, and it attaches to the realty in such a way its protection cannot be claimed by one joint owner to the exclusion of the remainder. Such a conclusion would be clearly contrary to Colorado law. Accordingly, Judge Clark correctly deducted the value of the homestead from the value of the entire property, rather than solely from the value of the Debtor’s interest in reaching the value of the property of the Debt- or’s estate. Accordingly, it is
ORDERED the judgment of the Bankruptcy Court is affirmed. DATED at Denver, Colorado, this 11th day of May, 1983.
BY THE COURT:
/s/ John P. Moore,
John P. Moore, Judge United States District Court

. I recognize Colorado debtors have no choice since the adoption of 1973 C.R.S. § 13-54-107, but I believe a pedantic approach makes the analysis more understandable.

. Judge Clark’s reference to the legislative history of the present version of the homestead (Record p. 36) clearly indicates the intent of the Colorado General Assembly to preserve the nature of the exemption.

. Debtor relies upon In re Janesofsky, 22 B.R. 973 (Bky.Colo.1982). I simply note here Janesofsky deals with a different statutory exemption, and to that extent it is inapposite. Whether Janesofsky reaches a proper conclusion is a question I do not consider.