## ALLEN *v.* ELDRIDGE.

| | |
|---|---|
| 1 | 287 |
| 3a | 295 |
| 1 | 287 |
| 7a | 297 |
| 1 | 287 |
| d19a | 175 |
| 19a | 177 |
| 1 | 287 |
| f38 | 412 |

MARRIED WOMAN — *may recover her earnings.*  By chapter 60, Revised Statutes, 454, a husband is deprived of all interest in the labor of his wife, rendered to third persons, and a married woman may maintain an action in her own name to recover her earnings.

MARRIED WOMAN'S *ownership of property must be proved.*  Where husband and wife are living together, and there is no evidence as to the ownership of provisions and articles of household use, the presumption is that they belong to the husband.

INSTRUCTIONS — *must be applicable to the evidence.* Where there is no evidence to show that the plaintiff is the owner of personal property, it is error to instruct the jury that if the defendant took and used the property of the plaintiff he is liable to her for its value.

*Error to District Court, Jefferson County.*

Mr. S. E. BROWNE, for plaintiff in error.

Mr. JOSEPH MANN, for defendant in error.

HALLETT, C. J. The declaration in this case contains the common counts for work and labor, goods sold and delivered, etc., to which plaintiff in error pleaded a set-off and the general issue. The evidence is given in the bill of exceptions, and relates to a sale of goods to plaintiff in error, and work and labor done for him by defendant in error. The evidence shows that defendant in error was, at the time the action accrued, and at the time of trial, a married woman, living with her husband, and it is upon this fact that her right to recover in this action is denied.

At common law this action was not maintainable, and it becomes necessary to inquire whether it is sustained by chapter 60 of the Revised Statutes, entitled "Married Women." That chapter, so far as it relates to the questions to be considered, is as follows:

Sec. 1. "The property, real and personal, which any woman in this territory may own at the time of her marriage, and the rents, issues, profits and proceeds thereof, and any real, personal or mixed property which shall come to her by descent, devise or bequest, or the gift of any person except her husband, including presents or gifts from her husband, as jewelry, silver table-ware, watches, money and wearing apparel, shall remain her sole and separate property, notwithstanding her marriage, and not be subject to the disposal of her husband, or liable for his debts."

Sec. 2. " Any married woman, while married, may bargain, sell and convey her personal property, and enter into any contract in reference to the same as if she were sole."

Sec. 3. " Any woman may, while married, sue and be

sued in all matters having relation to her property, person or reputation, in the same manner as if she were sole."

Sec. 6. " Any married woman may carry on any trade or business, and perform any labor or services on her sole and separate account, and the earnings of any married woman from her trade, business, labor or services shall be her sole and separate property, and may be used and invested by her in her own name, and she may sue and be sued as if sole in regard to her trade, business, labor, services and earnings, and her property acquired by trade, business and services, and the proceeds thereof, may be taken on any execution against her."

The right of a married woman to the proceeds of her own labor, under this statute, cannot be doubted. The language of the act is clear and explicit, and the husband is deprived of all interest in the labor of his wife, rendered to third persons. It may be contended that the words "on her sole and separate account," in the first clause of section 6, restrict the woman's right to cases in which she declares her intention to appropriate the proceeds of her labor to her own use. But there is little room for such construction. It must be presumed that every one who labors for hire is seeking his own personal emolument; for men do not sow that others may reap. The highest claim to the fruits of labor is vested in him who performs it, and none other need be asserted. We do not doubt the right of defendant in error to recover in her own name the value of her services personally rendered to plaintiff in error, and this, whether the contract for payment is express or implied.

As to the merchandise alleged to have been sold to plaintiff in error, we have greater difficulty. It seems that in the month of July, 1867, defendant in error, with her husband, lived on plaintiff's farm, but not in the house occupied by him. While there, she was engaged by plaintiff in error to keep house for him, and with her husband removed into plaintiff's house, carrying with her a quantity of lard and other articles of household use, which she testified were purchased by plaintiff in error from her. There is no

evidence as to the ownership of these articles, except that they were in possession of defendant in error and her husband. So far as we know, the husband and wife were living together in the full enjoyment of marital rights, and the husband managing and controlling his family affairs. In such case, we think there can be no presumption that articles of food plainly intended for family use are the separate property of the wife. As we have seen, the law gives to a married woman the personal property which she has at marriage, and such as may come to her during coverture, by descent, etc., and such as she may acquire in trade or business, but there is nothing to show that these articles came in any of these ways. In the absence of evidence to show the separate ownership of the wife, the law will presume that they were owned by the husband, there being nothing in this statute to change this common-law intendment. But it may be said that there was an express promise to pay defendant in error for these goods, upon which an action would lie by her and her husband jointly, and, therefore, her suit can only be defeated by plea in abatement. We know that, upon a promissory note or covenant made to the wife during coverture, husband and wife may sue as plaintiffs, and if the wife sue alone, the non-joinder of the husband must be pleaded in abatement. *Gaters* v. *Madeley*, 6 Mees. & Wels. 422; *Bendix* v. *Wakeman*, 12 id. 97; *Dalton* v. *Midland County Railway Company*, 76 Eng. Com. Law, 474. But we have not found a case which goes the length of saying, that a wife may join her husband in an action upon an unwritten promise to the wife, made upon a consideration moving from the husband. Nor do we propose to discuss this question, for we are not able to ascertain from the evidence that there was an express promise to defendant in error, rather than her husband. She testifies that plaintiff in error promised to pay her, but the plaintiff denies it. And if we concede that her statement is true, it by no means follows that there was an undertaking to pay the wife instead of the husband. One who is dealing with a wife, acting for her husband, will ordinarily

address her in the second person singular, without any intention to engage with her instead of her husband. So a purchaser of dry goods will promise payment to the owner's clerk, but no lawyer would bring an action upon such promise in the name of the clerk. To enable a wife to join with her husband in an action upon an undertaking, the engagement must have been with her distinctly and unquestionably, and the evidence in this case does not show such an undertaking. Again, the jury were not instructed that an express undertaking to pay defendant in error for this merchandise was essential to her right of recovery ; but they were told, that if plaintiff in error took and used the property of defendant in error, he was liable to her for its value. The instruction, as an abstract proposition of law, is not to be denied, but it is not applicable to the facts of this case. There was nothing to show that defendant in error owned the goods, and under this instruction the jury may have given undue weight to the evidence. The judgment of the district court is reversed with costs, and the cause is remanded.

*Reversed.*