**In the Matter of the ESTATE OF Charles MUSSO, Deceased.**

**Jennie MUSSO, Rosann Musso, Shirley Allenbeck and Paul J. Willumstad, Petitioners–Appellees,**

v.

**John C. MUSSO, Respondent–Appellant.**

**No. 96CA0388.**

Colorado Court of Appeals, Div. III.

Jan. 9, 1997.

No Appearance for Petitioners–Appellees.

Shaw & Quiff, P.C., David B. Shaw, Linda McMillan, Pueblo, for Respondent–Appellant.

Opinion by Judge JONES.

In this probate action, respondent, John C. Musso, appeals from an order of the district court determining that certain property was co-owned by Charles Vincent Musso (decedent) and Jennie Musso (wife), awarding fees to respondent for his services as personal representative of the estate of decedent, and awarding fees to the current personal representative of the estate. We affirm in part, reverse in part, and remand with directions.

I.

Respondent first contends that the trial court erred in finding that a collection of liquor decanters was co-owned between the decedent and his wife, rather than owned solely by decedent. We disagree.

A.

■ In determining the assets of the estate, the current personal representative concluded that the decanter collection was co-owned by the decedent and his wife and, therefore, included only one-half the value of the collection in the assets of the estate. In making this valuation, the personal representative did not consider the rebuttable common law presumption that a husband solely owns all household goods. *See Allen v. Eldridge,* 1 Colo. 287 (1871); *In re Estate of* *Blanpied v. Robinson,* 155 Colo. 133, 393 P.2d 355 (1964); *In re Ferguson,* 15 B.R. 439 (Bankr.D.Colo.1981).

Over respondent's objection, the trial court also rejected application of the common law rebuttable presumption that a husband solely owns all household goods, finding its application unconstitutional under the Equal Rights Amendment (ERA), Colo. Const. art. II, § 29. We agree with that ruling.

The ERA, adopted in 1972, provides that: "Equality of rights under the law shall not be denied or abridged by the state of Colorado or any of its political subdivisions on account of sex." Colo. Const. art. II, § 29.

■ The ERA prohibits differential treatment that is based "exclusively on the circumstance of sex, social stereotypes based on gender, and culturally induced similarities," but does not prohibit differential treatment based on reasonably and genuinely based physical differences. *People v. Salinas,* 191 Colo. 171, 174, 551 P.2d 703, 706 (1976). To be reasonable, a differentiation based on gender must serve an important government objective and be substantially related to that objective. *Austin v. Litvak,* 682 P.2d 41 (Colo.1984).

The presumption that husbands solely own all household goods is a creature of a different "era" in our society. It reflects an attitude that the law, as a mirror of the mores of society, should appropriately, expressly differentiate between married men and married women based entirely upon the issue of gender. *See Allen v. Eldridge, supra,* 1 Colo. at 290–291 (promise to pay wife for use of household goods is promise to the husband for "[o]ne who is dealing with a wife ... will ordinarily address her in the second person singular, without any intention to engage with her instead of her husband."). Thus, the presumption gives to married men the advantage in determination of ownership of household goods in relation to estate proceedings.

Respondent argues that the fact that this presumption may be overcome by a wife renders it not violative of constitutional principles. We disagree.

To the extent that the presumption differentiates between men and women exclusively on the basis of gender, it is impermissible. An analysis of the presumption reveals no important governmental objective served by it, nor does respondent argue that it is substantially related to any such objective. *See Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971)(presumption favoring male estate administrators over females violates equal protection clause of Fourteenth Amendment).

We note that other jurisdictions that have adopted similar equal rights amendments have found unconstitutional presumptions in favor of married men's sole ownership of property. *See, e.g., Bell v. Bell,* 38 Md.App. 10; 379 A.2d 419 (1977)(presumption that husband is the dominant figure in the marriage violates Maryland ERA); *DiFlorido v. DiFlorido,* 459 Pa. 641, 331 A.2d 174 (1975)(presumption of husband's sole ownership of household goods violates Pennsylvania ERA). We find the reasoning of these cases persuasive.

The federal bankruptcy court for the district of Colorado did recognize and apply the presumption in 1981, after the ERA was adopted. However, the issue of the constitutionality of the presumption was not addressed in that case. *In re Ferguson, supra.* We do not, therefore, find that decision either persuasive or controlling as to the issue before us here.

■ We also reject respondent's argument that, because the ERA does not apply retroactively, and the presumption was judicially recognized in Colorado as long ago as 1871, the presumption survives.

In support of this argument, respondent relies on *People v. Elliott,* 186 Colo. 65, 525 P.2d 457 (1974). In *Elliott,* the supreme court reversed a trial court's determination that a felony-nonsupport statute, applicable only to men, was unconstitutional. A primary basis of that ruling was that the criminal act had occurred before the ERA was adopted in 1972, but the constitutionality of the statute was not considered to be contingent upon the fact that enactment of the criminal statute predated the ERA. *See also Forbes v. United States,* 472 F.Supp. 840

(D.Mass.1979)(where transfer of property under presumption of husband's ownership occurred before the passage of Massachusetts' ERA, court would not address constitutionality of presumption).

Here, all relevant factual issues occurred well after the passage of the ERA, and thus, there is no improper retroactive effect.

## B.

We also find support in the record for the trial court's determination of co-ownership of the collection and, therefore, decline to disturb the finding.

■ Determinations of fact are left to the sound discretion of the trial court. *In re Estate of Maikka,* 110 Colo. 433, 134 P.2d 723 (1942).

■ Respondent, who is the decedent's son, testified regarding his father's collection of liquor decanters and was cross-examined by counsel for the wife.

The record reflects that the trial court made its determination after expressly considering numerous factors, including "the nature and value of the property, how the property is used, maintained, kept, the understanding, or agreement, or discussion, or arrangement between the parties in dispute, how the property is acquired, [and] the nature of funds and sources of funds which paid for the property." It found that it was not clear what source of funds was used to purchase the decanter collection, that both husband and wife earned income during the marriage, that there was no evidence to indicate that the collection was purchased with anything other than family funds, and that 95% of the collection was maintained in the family home.

Based on these findings, the trial court concluded that the personal representative had correctly determined that the collection was co-owned by the decedent and his wife. The trial court's findings have evidentiary support and thus, we decline to disturb them.

## II.

■ Respondent next contends that there is no record support for the trial court's award of $15 per hour for his work as the personal representative of the estate instead of his claimed $40 per hour, and for an award of compensation for only 20 hours of work rather than his claimed 47 hours. We agree with respondent.

For a period at the beginning of this probate matter respondent was the personal representative for the estate. The current personal representative was appointed in May 1994.

Section 15–12–721(2), C.R.S. (1987 Repl. Vol. 6B) outlines the factors a court must consider in determining the reasonableness of compensation for personal representatives. Those factors include the time and labor required, the difficulty of the questions involved, the likelihood that the services precluded the person from other employment, the customary fees charged in the locality, time limitations, and the experience, reputation, and ability of the person performing the services.

■ Determinations as to the reasonableness of compensation for services performed are within the sound discretion of the trial court, and its award will not be disturbed absent a showing of abuse of discretion. *In re Estate of Smith,* 718 P.2d 1069 (Colo.App.1986). The trial court is also vested with the discretion to determine credibility of witnesses, and its findings on the time spent by the personal representative are binding on review. *In re Estate of Painter,* 628 P.2d 124 (Colo.App.1980). However, the trial court's finding must be sufficient to apprise a reviewing court of the basis for its determination.

Here, respondent testified on his own behalf and was cross-examined by counsel for the wife. Respondent also presented expert testimony on the reasonableness of his fees. The record does not reveal any further evidence concerning the issue of respondent's fees, and the trial court made no findings casting doubt on respondent's evidence and supporting the reduced fee. We, therefore, can find no basis in the record supporting the drastically reduced compensation. Accordingly, the order as to respondent's fees cannot stand and the compensation issue must be addressed on remand. *See In re Estate of Painter,* 39 Colo.App. 506, 567 P.2d 820 (1977).

## III.

■ Finally, respondent argues that the trial court erred in approving the fees of the current personal representative without giving proper notice to all interested parties. Because we hold that respondent expressly waived his objection to the reasonableness of the current personal representative's fees, we find no error.

The record shows that respondent did receive notice of the claimed fees. In fact, after receiving notice of the personal representative's claimed fees and costs, respondent filed a request for review. At the hearing, the trial court was prepared to allow respondent to cross-examine the personal representative about his services and rate. However, after a lengthy discussion on how to proceed and consultation with his client, counsel for the respondent stated, "Your Honor, we'll withdraw our request for the Court to review [the personal representative's] fees."

In its written order, the trial court approved the personal representative's fees, noting that the respondent had withdrawn his objection.

■ Failure to make an objection at trial on the grounds asserted on appeal is deemed a waiver of those issues, which precludes us from considering the issue on appeal. *Hancock v. State Department of Revenue,* 758 P.2d 1372 (Colo.1988). If, as respondent now suggests, he withdrew his request for review because of the lateness of the day, such was a tactical decision, and respondent is left with the consequences of that decision.

The order is affirmed in all respects, except as to the amount awarded respondent for his services as personal representative. That portion of the order is reversed, and the

cause is remanded for a new hearing thereon.

ROTHENBERG and BRIGGS, JJ., concur.