24CA2248 Ryman v Nuss 11-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2248
Montezuma County District Court No. 23CV30049
Honorable Todd Jay Plewe, Judge

Connie Ryman,

Plaintiff-Appellant,

v.

Matthew Alan Nuss,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE LIPINSKY
Dunn and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

Kelly and Fronapfel Law, PC, Jon L. Kelly, Christine M. Kelly, Dolores, Colorado, for Plaintiff-Appellant

Matthew Alan Nuss, Pro Se

¶ 1    Connie Ryman appeals the district court's judgment partitioning the mobile home she owned with Matthew Alan Nuss. We affirm.

## I.    Background

¶ 2    Ryman and Nuss co-owned the mobile home.  After they had a falling out, Ryman filed a complaint for partition of the mobile home, along with other claims not at issue in this appeal.

¶ 3    The court conducted a bench trial at which Ryman and Nuss testified.  They largely agreed on the facts.  Ryman purchased the mobile home for $28,908.01 (the purchase price).  Nuss did not contribute any money toward the purchase price.  Ryman titled the mobile home in her and Nuss's names.

¶ 4    Nuss, but not Ryman, lived in the mobile home.  The parties had no agreement requiring Nuss to pay rent to Ryman.  Nuss testified that he maintained the mobile home, made improvements to it, and paid for the utilities and rent for the lot.

¶ 5    In closing argument, Ryman's counsel asked the court to "issue an order that the [mobile home] be sold, the proceeds divided first to reimburse the parties proportionately for their proven investment in the property," and "[i]f there's anything left over, it

could get divided 50/50 between them." Nuss, who represented himself at trial, asked the court, among other things, to offset from Ryman's share the expenses that he incurred while maintaining the mobile home and to allow him to buy Ryman's interest in the mobile home so he could continue living there.

¶ 6 After hearing the evidence, the court concluded that Ryman "intended to gift a one-half . . . interest" in the mobile home to Nuss and that "the parties own an equal interest in the mobile home." In support of these conclusions, the court found that Ryman and Nuss were romantic partners when Ryman purchased the mobile home, they intended to open a business together, Ryman never lived in the mobile home, and Nuss exclusively possessed it. The court ruled that, as "part owner[s]," neither party was entitled to a setoff for maintenance or rent.

¶ 7 The court ordered Ryman to obtain an appraisal for the mobile home and to grant Nuss a thirty-day option period to purchase her half of the appraised value. The court ruled that, if Nuss did not pay Ryman half of the appraised value within thirty days, Ryman "shall proceed to immediately sell the mobile home" and "[a]ll net

proceeds from the sale . . . shall be divided equally between the parties."

¶ 8     The mobile home appraised at $34,000.00 (the appraised value), reflecting that its value had appreciated by $5,091.99 (the appreciation) since Ryman purchased it.  Ryman filed this appeal after submitting the appraisal to the court.  (Nuss claims that he obtained a loan to purchase Ryman's half of the appraised value but that Ryman "refused the payment and filed this appeal.")

## II.     Analysis

¶ 9     Ryman asserts two errors on appeal.

¶ 10     First, Ryman contends that the court erred as a matter of law by not awarding her the entire amount of the appreciation.  She asserts that the court misapplied the law when it determined that her contribution toward the purchase price was a gift to Nuss because neither party believed the "purchase of the mobile home was a gift."  But Ryman concedes that the district court correctly concluded that she and Nuss were equal one-half owners of the mobile home — the very conclusion of law that the court's gift finding supported.

¶ 11    Ryman appears to argue that, based on the court's finding that her contribution of the purchase price was a gift to Nuss, it erroneously equally divided the appreciation instead of awarding it all to her. She claims that the court should have found that she was "entitled to an offset for the increase in property value due to her investment" in the mobile home. (Because Ryman makes no effort to explain the connection between the court's gift finding and its division of the appreciation, Ryman's challenge to the court's gift finding is undeveloped and we therefore do not consider it. *See Grand Junction Peace Officers' Ass'n v. City of Grand Junction*, 2024 COA 89, ¶ 28, 558 P.3d 1021, 1031 (declining to consider "undeveloped, bald assertion"). For the same reason, we do not address the merits of Ryman's conclusory argument that the court erred by finding that Ryman's contribution of the mobile home's purchase price was a gift to Nuss.)

¶ 12    Second, Ryman contends that, even if the court did not err as a matter of law by awarding her only half of the appreciation, it abused its discretion by "failing to offset [Ryman]'s contribution to the property to her share of the assessed property value."

¶ 13    She asserts that, by furnishing the purchase price, she put the parties in a position to benefit from the increase in the mobile home's value.  Thus, her argument continues, the court should have "divided [the appraised value] equally" between Ryman and Nuss and then "offset the amount owing against the one-half share held by each tenant."  As we understand Ryman's argument, she contends that, in addition to awarding her half of the appraised value of the mobile home ($17,000.00), the court should also have awarded her the appreciation ($5,091.99) minus the amount that Nuss spent on improvements to the mobile home ($850.00), for a total award of $21,241.99.

¶ 14    We conclude that Ryman's arguments fail because she either waived or failed to preserve them.

## A.    Waiver

¶ 15    "Waiver is the intentional relinquishment of a known right or privilege."  *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984).  A waiver can be express or implied, "as, for example, when a party engages in conduct which manifests an intent to relinquish the right or privilege, or acts inconsistently with its assertion."  *Id.*

¶ 16    At trial, Ryman's counsel twice told the court that Ryman sought to recover the purchase price and that any excess above the purchase price could be divided between Ryman and Nuss equally. The court ultimately divided the appreciation equally between the parties, as Ryman's counsel requested.

¶ 17    But on appeal, Ryman contends that, although the court correctly concluded that she and Nuss were equal one-half owners of the mobile home, the court erred by dividing the appreciation equally between the parties. We conclude that Ryman waived this contention because she made the opposite argument in the district court. Thus, any error is not reviewable. *See In re Estate of Musso*, 932 P.2d 853, 857-58 (Colo. App. 1997) (explaining that a waiver extinguishes error and appellate review).

### B.    Preservation

¶ 18    Even assuming that Ryman did not waive her appellate arguments, she failed to preserve them.

¶ 19    To preserve an issue for appeal, a party must bring the issue to the court's attention so the court has an opportunity to rule on it. *See Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010); *see also Brown v. Am. Standard Ins. Co. of Wis.*, 2019

COA 11, ¶ 21, 436 P.3d 597, 600 ("It is axiomatic that in civil cases, issues not raised in or decided by the trial court generally will not be addressed for the first time on appeal.").

¶ 20 Ryman never requested, in the alternative or otherwise, that the court award Ryman one-half of the assessed value of the mobile home plus the entire amount of the appreciation minus Nuss's "invest[ment] in repairing" the mobile home.

¶ 21 We are not persuaded by Ryman's arguments to the contrary. In her opening brief, Ryman claims that she preserved her arguments by requesting (1) "the partition and sale of the mobile home" and (2) "that she be reimbursed for the purchase of the home from the sale." However, neither of Ryman's requests alerted the district court to the relief she seeks on appeal. *See Est. of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992) ("Arguments never presented to, considered or ruled upon by a trial court may not be raised for the first time on appeal.").

¶ 22 For these reasons, Ryman's assertions are unavailing.

### III. Disposition

¶ 23 The judgment is affirmed.

JUDGE DUNN and JUDGE KUHN concur.