24CA1138 Marriage of Makooi 02-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1138
Douglas County District Court No. 21DR132
Honorable Benjamin Todd Figa, Judge

---

In re the Marriage of

Nazanin Assadi,

Appellee,

and

Newsha Makooi,

Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Kuhn and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

---

Visioli Legal, Steven M. Visioli, Denver, Colorado, for Appellee

Johnson Law Group, LLC, Shana D. Velez, Commerce City, Colorado, for Appellant

¶ 1     In this post-dissolution of marriage case involving Newsha Makooi (husband) and Nazanin Assadi (wife), husband appeals the district court's ruling on his motions to compel discovery related to his request for modification of maintenance.  We affirm.

I.     Relevant Facts

¶ 2     The parties' marriage ended in 2021.  After affirming an arbitrator's maintenance award, the court ordered husband to pay wife spousal maintenance of $6,000 per month, terminating only upon her remarriage or death.

¶ 3     In July 2023, husband moved to modify maintenance, alleging that wife's financial circumstances had improved based on new full-time employment and as evidenced by her purchase of a BMW vehicle (modification motion).

¶ 4     In September, husband filed a motion to compel the production of certain documents from third parties.  In it, he explained that wife had objected to the subpoenas he had served on her purported employer, two of her banks, and BMW Downton Denver (as well as its financial services providers).

¶ 5     In December, husband filed another motion to compel. According to him, wife's discovery responses were deficient.  He

sought an order requiring her to provide all required financial disclosures under C.R.C.P. 16.2 and submit complete responses to his propounded discovery. He also requested that, if she failed to comply, the court should draw adverse inferences about her financial circumstances and income.

¶ 6 Two days prior to the scheduled hearing on the motion to modify, the parties filed a Joint Trial Management Certificate (JTMC). In the JTMC, the parties indicated that husband's two motions to compel were among the issues that the court should address before the hearing.

¶ 7 On January 25, 2024, the parties appeared for a hearing on the modification motion. At the outset of the hearing, the court addressed husband's two pending motions to compel. It ultimately found that wife hadn't complied with her disclosure and discovery obligations, specifically regarding a heavily redacted bank statement and a private car lease. Based on husband's representation that he wished to proceed with the hearing despite the discovery violations, the court ordered wife to produce those documents within seven days and during the hearing warned her of possible sanctions should she fail to comply, including adverse inferences or evidence

preclusion. The court, however, required husband to initiate any request for sanctions during the hearing. He never did.

¶ 8    The following day, on January 26, 2024, the court made an oral ruling on the record denying husband's motion to modify. On July 7, 2024, following the filing of husband's initial notice of appeal to this court, the district court entered a written order adopting the transcript from the January 26, 2024 ruling as the court's written ruling denying the motion to modify maintenance. A motions division of this court ordered husband to file the July 7, 2024 written order, which he did along with an amended notice of appeal, which the motion division accepted.

## II.    Motions to Compel

¶ 9    For several reasons, husband contends that the district court erred by not actively managing and facilitating disclosure issues in accordance with C.R.C.P. 16.2(b), which, he contends, allowed wife to hide critical financial information and undermined his ability to present his case effectively. We address each contention in turn.

## A. Governing Law and Standard of Review

¶ 10     C.R.C.P. 16.2 governs discovery and disclosures in domestic relations cases.  *In re Marriage of Gromicko*, 2017 CO 1, ¶ 27.  The purpose of C.R.C.P. 16.2 is

> to provide a uniform procedure for resolution of all issues in domestic relations cases that reduces the negative impact of adversarial litigation wherever possible.  To that end, this Rule contemplates management and facilitation of the case by the court, with the disclosure requirements, discovery and hearings tailored to the needs of the case.

C.R.C.P. 16.2(a).  The court must "provide active case management from filing to resolution or hearing on all pending issues."  C.R.C.P. 16.2(b).

¶ 11     The applicable standard of review for discovery rulings is abuse of discretion, not de novo, as husband suggests.  *Gromicko*, ¶ 18; *see also In re Marriage of de Koning*, 2016 CO 2, ¶ 25 ("While the [district] court retains discretion to grant discovery and tailor it to the particular needs of the case, Rule 16.2 indicates a preference for limiting discovery in time and in scope in order to further the efficient resolution of domestic relations cases." (citations omitted)).  A district court abuses its discretion when its decision is manifestly

arbitrary, unreasonable, or unfair or is based on a misapplication of the law. *Gromicko*, ¶ 18.

### B. Discussion

### 1. Preservation

¶ 12 To begin, we must address preservation. On appeal, husband insists that the district court erred by failing to (1) rule on his motions to compel before the January 25, 2024 hearing resulting in a violation of C.R.C.P. 16.2 and his due process rights; (2) enforce compliance with wife's financial disclosure and discovery obligations under C.R.C.P. 16.2 and Form 35.1, including documents related to her income, taxes, residence, and retirement account; and (3) impose discovery sanctions. But, as discussed below, because those issues are waived — or at least unpreserved — we decline to address them.

¶ 13 To preserve an issue for appellate review, a party must make a timely objection on the record. *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 25. Waiver occurs when a party intentionally relinquishes a known right or privilege. *Avicanna Inc. v. Mewhinney*, 2019 COA 129, ¶ 25. A party's failure to make a timely objection with regard to an issue raised on appeal is deemed a waiver and forecloses

appellate review of that issue. *In re Estate of Musso*, 932 P.2d 853, 857 (Colo. App. 1997); *see also Gebert v. Sears, Roebuck & Co.*, 2023 COA 107, ¶ 25 (If an issue was "never presented to, considered by, or ruled upon by a district court," it "may not be raised for the first time on appeal.").

¶ 14    At the start of the hearing on the modification motion, the district court asked husband what documents he was missing from wife "to be ready for the hearing." He answered, "It's not that I don't have documents to be ready to proceed, Your Honor. *I am fully ready to proceed.*" (Emphasis added.) Notwithstanding this representation, husband asked the court to order wife to provide an unredacted bank statement, her private car lease, and supporting documentation associated with her tax return. The court found that wife had violated C.R.C.P. 16.2 and ordered her to provide the bank statement and car lease within seven days of the hearing. The court postponed its decision on sanctioning her with adverse inferences or evidence preclusion unless and until husband initiated such a request during the hearing. As previously noted, husband never did.

¶ 15    Husband didn't raise, nor did the district court rule on, his claim that the court should have resolved his motions to compel prior to the January 25, 2024, hearing. And the record shows that he acquiesced to the court's determination that wife's noncompliance was limited to the unredacted bank statement and private car lease, and he didn't seek discovery rulings on her income, taxes, residence, and retirement account. Moreover, throughout the hearing, husband never once asked the court to impose any discovery sanctions. These acts and omissions on the part of counsel constitute a failure to preserve (if not a waiver) of the issues husband advances on appeal.

¶ 16    Because husband's arguments were waived — or at least not preserved — we won't consider them on appeal. *See, e.g.,* Gebert, ¶ 25; *In re Marriage of Crouch*, 2021 COA 3, ¶ 13 ("Because father failed to argue this issue in the district court . . . he cannot argue it for the first time on appeal.").

¶ 17    Still, he asserts, in his reply brief, that he preserved discovery issues in a post-trial motion under C.R.C.P. 59 and 60, which the district court never ruled on and was deemed denied pursuant to C.R.C.P. 59(j). But "[a]rguments made . . . for the first time in a

post-trial motion are too late and, consequently, are deemed waived for purposes of appeal." *Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA 78M, ¶ 66; *see also People v. Schaufele*, 2014 CO 43, ¶ 49 (Boatright, J., concurring in the judgment) ("Motions for reconsideration are designed to correct erroneous court rulings; they are not designed to allow parties to present new legal arguments for the first time and then appeal their denial . . . .").

### 2. Failure to Continue the Hearing

¶ 18 Next, husband contends that the district court's refusal to continue the hearing deprived him of the opportunity to obtain necessary information and fully argue his modification motion. Again, we conclude that he waived this contention, so we won't review it on appeal.

¶ 19 At the outset of the hearing, husband clearly and affirmatively told the district court that he had sufficient documentation and was prepared to go forward with the hearing. And although he informed the court of outstanding documents, which the court ordered to be produced within seven days of the hearing, at no point did he ask for a continuance. Because he told the court that he wanted to

8

proceed with the hearing, he can't now assert that the court erred by not continuing it sua sponte. *See People v. O'Neill*, 803 P.2d 164, 169 (Colo. 1990) (a party "cannot complain on appeal [about] the very procedure he agreed to through his counsel"); *cf. Roberts v. Am. Fam. Mut. Ins. Co.*, 144 P.3d 546, 549-50 (Colo. 2006) ("[A] party may . . . be estopped from asserting on appeal a position contrary to one he took at trial or in which he later acquiesced.").

### 3.     New Information

¶ 20     Last, to the extent that husband relies on new financial information obtained after the hearing to bolster the arguments he advances on appeal, we won't consider it. *See Boulder Plaza Residential, LLC v. Summit Flooring, LLC*, 198 P.3d 1217, 1222 (Colo. App. 2008) (an appellate court won't consider evidence that wasn't admitted at the hearing or submitted to the district court before ruling). Specifically, husband contends that various documents he received and reviewed after the hearing purportedly confirm that certain statements made by wife and her counsel before and during the hearing on the motion to modify weren't true. But this information and argument was never presented to the district court, so we won't consider it on appeal. *See In re Marriage*

*of Drexler*, 2013 COA 43, ¶ 24 (declining to consider exhibit appended to a party's brief that wasn't part of the certified record).

## III. Appellate Attorney Fees and Costs

¶ 21     Wife asks for her appellate attorney fees, asserting that husband's appeal was frivolous. Although husband hasn't prevailed, we deny wife's request. *See In re Estate of Shimizu*, 2016 COA 163, ¶ 34 ("[A]n award of fees on appeal is appropriate only in clear and unequivocal cases where no rational argument is presented.").

¶ 22     Wife is, however, entitled to costs on appeal, *see* C.A.R. 39(a), and may seek those costs in the district court, *see* C.A.R. 39(c).

## IV. Disposition

¶ 23     The order is affirmed.

JUDGE KUHN and JUDGE SCHUTZ concur.