25CA0051 Estate of Sherwin 02-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0051
Jefferson County District Court No. 21PR31375
Honorable Todd L. Vriesman, Judge

In re the Estate of Suzanne Sherwin, deceased.

Paul E. Simmerly,

Appellant,

v.

Leslie Towner, Personal Representative,

Appellee.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE MOULTRIE
Dunn and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

Paul E. Simmerly, Pro Se

Lathrop GPM, LLP, Alison E. Zinn, Casey C. Breese, Denver, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this probate case, Paul E. Simmerly appeals the district court's order awarding Leslie Towner, the personal representative for the estate of Suzanne Sherwin (the estate), her reasonable attorney fees.  We affirm and remand the case with directions.

I.    Background

¶ 2    Suzanne Sherwin died testate in September 2021.  A few months later, Towner filed an "Application for Informal Probate of Will and Informal Appointment of Personal Representative" with the assistance of attorney John Valentine, whom she had retained to represent her in administrating the estate.  The registrar entered an order admitting Sherwin's will to informal probate and appointing Towner as the personal representative of the estate.  Simmerly is Sherwin's cousin and a 20% beneficiary of the residual estate.

¶ 3    After her appointment, Towner began liquidating the estate's assets.  Within nine months of opening the probate proceeding, she made two partial distributions to the residual beneficiaries, including Simmerly.

¶ 4    In January 2023, Towner filed a petition (the petition) requesting that the court enter an order for final settlement of the estate, along with a final accounting, a final inventory, and a status

1

report detailing how the estate's assets had been distributed. Towner requested the court enter the order after the time noticed for a nonappearance hearing. Simmerly objected to the court holding a nonappearance hearing and filed several pleadings setting forth his specific objections to the petition. Simmerly objected to the court ordering the final settlement because he hadn't received information about the attorney fees that Valentine had charged the estate. He also disputed the appropriateness of Towner's handling of the estate's assets and questioned the accuracy of the hours supporting her compensation.

¶ 5 Towner retained a different law firm — Lathrop GPM, LLP (Lathrop) — to defend against Simmerly's objections. Lathrop filed an "omnibus" response to Simmerly's initial set of objections, to which it attached Valentine's attorney fee statements and approximately 240 pages of time logs detailing the services Towner had provided to the estate from September 2021 through December 2022.

¶ 6 Simmerly then filed two more pleadings objecting to the reasonableness of Valentine's fees and Towner's compensation.

Simmerly also filed several motions seeking court authorization to conduct discovery, which the court denied.

¶ 7 The court held a two-day evidentiary hearing under section 15-10-604, C.R.S. 2025, to determine whether Valentine's fees and Towner's compensation were reasonable (fees and compensation hearing). About six months after the fees and compensation hearing, the court entered an order in May 2024 (May order) in which the court found, as relevant here, that

- the compensation paid to Towner and the attorney fees and costs incurred by the estate and paid to Valentine were reasonable;

- Simmerly's objections and fee disputes were made in bad faith; and

- Towner was entitled to reasonable attorney fees and costs under section 15-10-605(1), C.R.S. 2025, for defending against Simmerly's bad faith objections and fee disputes.

¶ 8 After the hearing, Lathrop filed a "Submission of Declaration of Attorneys' Fees and Costs" (fees declaration) that requested the

court award Towner a total of $94,855.50[1] in reasonable attorney fees and costs against Simmerly.  Lathrop attached to the fees declaration forty-seven pages of invoices for its work from January[2] 2023 to January 2024 and seventeen pages of invoices from Valentine for the same period.

¶ 9    Simmerly responded and objected to the amount of attorney fees requested.  The court entered an order in November 2024 (November order) finding, among other things, that (1) Simmerly's response didn't challenge any task, any time entry, or the attorneys' charged rates; (2) Towner's hiring of Lathrop was reasonable and necessary and not duplicative of Valentine's work; and (3) all sixty-four pages of invoices attached to the fees declaration contained sufficient detail to allow the court to assess the reasonableness of the requested fees.  The court concluded that the full amount of the attorney fees and costs Towner requested was reasonable and awarded her that amount.

---

[1] This total includes $75,232 incurred by Lathrop GPM, LLP (Lathrop) and $19,623.50 incurred by Valentine in defending against Simmerly's objections and fee dispute.
[2] The first invoices from Lathrop and Valentine are dated March 2023, but the time entries on those invoices include time from January 2023.

¶ 10    Shortly before the court issued the November order, Simmerly filed a motion asking the court to declare the May order void under C.R.C.P. 60(b).  The court denied that motion in December 2024 (December order).

¶ 11    In January 2025, Simmerly filed the underlying appeal.  In his notice of appeal, he indicated he was challenging three orders: the May order, the November order, and the December order.  Towner filed a motion asking this court to partially dismiss Simmerly's appeal for lack of jurisdiction because his appeal of the May order was untimely.  This court granted the motion and limited Simmerly's appeal to the November and December orders.

¶ 12    After Simmerly filed his opening brief, Towner filed a motion asking this court to strike his brief because he primarily addressed the May order.  This court granted Towner's motion to strike and directed Simmerly to file an amended brief that complied with its orders.  After Simmerly filed an amended opening brief, Towner asked this court to strike his amended brief, dismiss the appeal with prejudice, and award her appellate attorney fees and costs (second motion to strike).  The merits of the second motion to strike were deferred to this division.

¶ 13    We first consider the merits of the second motion to strike.

## II.    We Partially Grant the Second Motion to Strike

¶ 14    In his amended opening brief, Simmerly identifies four[3] issues on appeal.  Simmerly asserts that the district court erred by (1) failing to conclude he was the prevailing party; (2) denying his request for discovery; (3) declining to admit certain exhibits at the fees and compensation hearing; and (4) awarding Towner's attorney fees against him.

¶ 15    When a court enters a final judgment, the court's earlier orders and rulings merge into that judgment and generally become reviewable.  *Mulberry Frontage Metro. Dist. v. Sunstate Equip. Co.*, 2023 COA 66, ¶ 14.  "[A] judgment is final if it disposes of the entire litigation on the merits, leaving nothing for the court to do but execute on the judgment," even when an award of attorney fees remains unresolved.  *Id.* at ¶¶ 14, 17; *see also Kennedy v. Gillam Dev. Corp.*, 80 P.3d 927, 929 (Colo. App. 2003) ("[A]n award of

---

[3] We identify four issues on appeal despite Simmerly listing six.  We construe as a single issue Simmerly's first three listed "issues" because they each relate to his assertion that he was the prevailing party with respect to various aspects of the litigation that occurred before or during the fees and compensation hearing.

attorney fees is distinct and separately appealable from the judgment on the merits."). If a party fails to timely appeal a final judgment, an appellate court lacks jurisdiction to consider the merits. *In re Estate of Anderson*, 727 P.2d 867, 869 (Colo. App. 1986).

¶ 16     Here, the May order disposed of the litigation on the merits because Simmerly's challenge to Valentine's fees and Towner's compensation was the only issue left to be resolved before the estate could be settled and closed. Thus, contrary to Simmerly's assertions, the unresolved issue of attorney fees didn't prevent the May order from serving as a final judgment. *See Mulberry Frontage Metro. Dist.*, ¶¶ 14, 17.

¶ 17     Simmerly's arguments in support of his first three issues challenge various court rulings leading up to the May order. Those rulings, therefore, merged into the May order and would have been reviewable if he had filed a notice of appeal within forty-nine days after the court entered that order. *See* C.A.R. 4(a)(1). But Simmerly filed his notice of appeal almost eight months after the court entered the May order. We lack jurisdiction to consider the first

three issues Simmerly raises on appeal. Accordingly, we grant in part Towner's second motion to strike.

¶ 18     We now turn to the merits of Simmerly's appeal of the November order and address Towner's request for appellate attorney fees and costs.

### III.    Applicable Legal Principles

#### A.    Reasonable Attorney Fees Under the Colorado Probate Code

¶ 19     "A fiduciary and [their] lawyer are entitled to reasonable compensation for services rendered on behalf of an estate." § 15-10-602(1), C.R.S. 2025. Additionally, section 15-10-605(1) permits a court to assess reasonable attorney fees and costs against a party who files pleadings in bad faith in a probate proceeding. If a personal representative is required to defend the reasonableness of their compensation or costs, then the court "may assess the reasonable fees and costs incurred in the proceeding as the court deems equitable" and allocate those fees and costs against any party involved in the proceeding "as justice and equity may require." § 15-10-605(2).

¶ 20     Section 15-10-604 sets forth the procedure a court must follow when a dispute concerning fees arises. A court must hold a

hearing and issue findings of fact and conclusions of law that reference the reasonableness factors set forth in section 15-10-603(3), C.R.S. 2025, "and any other factors it deems relevant to its decision." § 15-10-604(4); *see In re Estate of Gonzalez*, 2024 COA 63, ¶¶ 45-47 (noting that the court must consider the factors in section 603 and may consider other factors when determining whether fees are reasonable). While section 603(3) requires a court to consider thirteen specific factors in determining reasonableness, it grants the court discretion to assess the weight of each factor and any other relevant factors. *See* § 15-10-603(3)(a)-(m).

### B. Standard of Review

¶ 21 We review a court's order awarding reasonable attorney fees and costs for an abuse of discretion. *In re Estate of Fritzler*, 2017 COA 4, ¶ 24. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair or misapplies the law. *Id.* at ¶ 6. "The determination of what constitutes reasonable attorney fees 'is a question of fact for the [district] court and will not be disturbed on review unless it is patently erroneous and unsupported by the evidence.'" *Yaekle v. Andrews*, 169 P.3d 196, 201 (Colo. App. 2007) (quoting *Am. Water Dev., Inc. v. City of*

*Alamosa*, 874 P.2d 352, 386 (Colo. 1994)), *aff'd on other grounds*, 195 P.3d 1101 (Colo. 2008).

<h3 style="text-align:center">IV.   Analysis</h3>

¶ 22    As an initial matter, we note that although Simmerly identified the December order as one he was challenging on appeal, he doesn't make any arguments regarding the December order in his opening brief and concedes in his reply brief that the November order is "[t]he operative order in this appeal." Thus, we deem any challenge to the December order abandoned. *See In re Marriage of Marson*, 929 P.2d 51, 54 (Colo. App. 1996) (issues identified in the notice of appeal but not addressed in the opening brief are abandoned).

¶ 23    With respect to the November order, Simmerly argues that section 605 requires an equitable balancing test when a court determines whether to award attorney fees. And he asserts that our review is de novo because his argument involves the interpretation of section 605. But Simmerly doesn't challenge the court's interpretation of section 605; rather, he disputes the court's application of section 605. *See Fritzler*, ¶ 6 (noting an abuse of

discretion includes the court's misapplication of the law).

Accordingly, we review for an abuse of discretion.

¶ 24    Simmerly lists fifteen[4] "factors" that the court failed to consider when it erred by awarding fees against him.  He argues that if the court had considered the fifteen "factors," then it wouldn't have awarded Towner her reasonable attorney fees.

¶ 25    However, none of the "factors" that Simmerly lists are among the thirteen factors set forth in section 603.  And ten[5] of the fifteen "factors" that Simmerly lists relate to the May order, so we lack jurisdiction to consider his arguments with respect to them. Simmerly's five remaining "factors," which he asserts demonstrate error, are as follows:

> (1)    Towner didn't need the services of multiple attorneys to defend against his objections.
>
> (2)    "This is a case of first impression."
>
> (3)    "This case was out of control" through no fault of his own.

---

[4] Simmerly labels these asserted errors by letters "a" through "m" in his amended opening brief.

[5] These are the arguments Simmerly labels as "a" through "c" and "h" through "n," reordered for purposes of discussion.

(4) "Probate fiduciaries should not be able to charge whatever they want" and awarding attorney fees for multiple attorneys "essentially nullifies" section 604 and legislative intent.

(5) Because he is an estate beneficiary, he "should have the absolute right to raise legitimate questions and concerns about the administration of the estate" without being sued.

¶ 26    We reject Simmerly's contentions of error for three reasons.

¶ 27    First, to the extent that Simmerly asserts that the court didn't equitably consider whether fees should be awarded under the circumstances of this case, we disagree.  The record demonstrates that the court considered the section 603(3) factors relevant to its determination of the reasonableness of Towner's requested attorney fees under the circumstances of this case.  *See* § 15-10-603(2) ("[T]he court shall apply the standard of reasonableness in light of all relevant facts and circumstances.").

¶ 28    Indeed, in its May order, the court explicitly addressed relevant section 603 factors to assess the reasonableness of the attorney fees up to that point.  And Simmerly's objection to the fees

declaration submitted after the fees and compensation hearing merely repeated many of the arguments about the reasonableness of the fees that the court had already considered and rejected.

¶ 29 Nonetheless, with respect to his argument that Lathrop's services were duplicative of Valentine's services, the court found that Simmerly acknowledged that Valentine primarily handled estate administration, while Lathrop handled the litigation in response to his objections. The court thus concluded that the "transfer of responsibility was reasonable and necessary and was not duplicative."

¶ 30 And although Simmerly asserts that this case is one of first impression, he nearly immediately contradicts himself and states that this case doesn't involve "novel or difficult" issues. In any event, the record demonstrates that the court considered "[t]he time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the service properly." § 15-10-603(3)(a). The court found that because the estate consisted of "numerous financial accounts and multiple different financial institutions, requiring a significant level of organization and detail," it was reasonable for Towner to "retain counsel

13

experienced in probate administration and estate financial and tax matters."

¶ 31     Likewise, even if we construe his assertion that the case was "out of control" as an argument under section 603(3)(e), which requires the court to consider "[w]hether and to what extent any litigation has taken place and the results of such litigation," § 15-10-603(3)(e), the record demonstrates that the court expressly considered the circumstances of the litigation. The court concluded that Simmerly brought and prosecuted his objections in bad faith, his conduct was "stubbornly litigious," and he "created unwarranted delay for final settlement" of the estate.

¶ 32     Second, Simmerly argues that the Colorado Probate Code allows probate fiduciaries "to charge whatever they want" and that allowing an attorney fees award for multiple attorneys "essentially nullifies" section 604 and legislative intent. Because these arguments are presented without development or citation to legal authority, we decline to further consider them. *See Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010).

¶ 33     Third, section 604 allows an estate beneficiary to raise legitimate disputes concerning fees and compensation related to the

administration of an estate. That is exactly what happened here when Simmerly filed his objections to Towner's compensation and Valentine's fees. However, section 605 expressly authorizes a court to award reasonable attorney fees to a personal representative who defends against such a dispute when the court finds the party who disputed the fees and compensation did so in bad faith. *See* § 15-10-605(1)-(2). Simmerly fails to cite any authority that gives an estate beneficiary immunity from an award of attorney fees under section 605. Rather, he again presents this assertion in a conclusory manner without any supporting authority. *See Barnett*, 252 P.3d at 19.

¶ 34    Simmerly doesn't challenge the reasonableness of Valentine's or Lathrop's rates.[6] In awarding Towner's fees, the court explained that it was familiar with the litigation history in the case, and it had reviewed all the invoices that were attached to the fees declaration,

---

[6] Simmerly does argue that it was unreasonable for Valentine to be awarded the fees he incurred for making corrections to "improper redactions" to invoices. He also disputes an "unexplained" charge from November 2022 by an attorney with whom Valentine consulted. But these arguments relate to matters that were addressed at the fees and compensation hearing and that were subject to the May order — which we don't have jurisdiction to review.

which in turn detailed the attorneys' work. The court's conclusion that Towner's requested fees were reasonable under the circumstances of this case are thus supported by the record.

¶ 35 Accordingly, Simmerly hasn't demonstrated that the court abused its discretion when it awarded attorney fees against him. Therefore, we won't disturb the award. *See In re Estate of Musso*, 932 P.2d 853, 857 (Colo. App. 1997) (it's within the discretion of the district court to determine the reasonableness for attorney fees incurred by a personal representative, and we won't disturb the court's award absent a showing of an abuse of discretion).

V. Towner's Request for Appellate Attorney Fees and Costs

¶ 36 Towner requests an award of her appellate attorney fees under C.A.R. 38 and C.A.R. 39.1 and her appellate costs under C.A.R. 39. We grant her request and, acting on our own motion, also award reasonable attorney fees under section 13-17-102(6), C.R.S. 2025. *See Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006).

¶ 37 Section 13-17-102(6) provides,

> A party who is appearing without an attorney . . . shall not be assessed attorney fees . . . unless the court finds that the party

16

> clearly knew or reasonably should have known that the party's action or defense, or *any part* of the action or defense, was substantially frivolous, substantially groundless, or substantially vexatious . . . .

(Emphasis added.)

¶ 38 An appeal is frivolous as argued if the appellant has committed misconduct in arguing the appeal. *Martinez v. LHM Corp., TCD*, 2020 COA 53M, ¶ 25, *aff'd on other grounds*, 2021 CO 78. However, an appeal shouldn't be considered frivolous merely because it is ultimately unsuccessful or it advances a claim that is not recognized under existing law. *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984).

¶ 39 If an appellate court determines that an appeal is frivolous, then it may award damages it deems appropriate, including attorney fees. C.A.R. 38(b); *Castillo*, 148 P.3d at 292 (an appeal is substantially frivolous under section 13-17-102 "when the appellant's briefs fail to set forth, in a manner consistent with C.A.R. 28, a coherent assertion of error, supported by legal authority"); *see also* C.A.R. 38(a) ("The appellate court may . . . impose other sanctions it deems appropriate, including attorney fees, for the failure to comply with any of its orders . . . .").

¶ 40    This court issued an order striking Simmerly's initial opening brief and expressly limiting his appeal to the November and December orders because any challenge to the May order was untimely.  Given that order, Simmerly knew that he shouldn't address the May order and instead should focus his appeal on the November and December orders.  Yet Simmerly primarily challenges the May order in his amended opening brief.  As such, we conclude that Simmerly lacked substantial justification for, and committed misconduct by, raising all but one of the issues he identified.  *See Martinez,* ¶ 25; *see also* § 13-17-102(6) (allowing a court to assess attorney fees against a party who clearly knew that any part of their action was substantially frivolous).

¶ 41    Accordingly, we conclude that Towner is entitled to her reasonable appellate attorney fees under section 13-17-102(6), C.A.R. 38(b), and C.A.R. 39.1 for both motions to strike and for responding to the majority of Simmerly's amended opening brief.  Additionally, because we are affirming the November order, Towner is entitled to an award of her appellate costs under C.A.R. 39(a)(2).  We remand this case to the district court for determination of the amount of such fees and costs.  *See* C.A.R. 39.1; *see also SG Ints. I,*

*Ltd. v. Kolbenschlag*, 2019 COA 115, ¶¶ 40, 46 (remanding case to the district court for a determination and award of reasonable appellate attorney fees arising out of a frivolous appeal).

## VI.     Disposition

¶ 42     The order is affirmed, and the case is remanded to the district court to determine the amount of Towner's reasonable appellate attorney fees and costs.

JUDGE DUNN and JUDGE BERNARD concur.